## HAWKS et al. v. SAILORS.

A deed from a father-in-law to his son-in-law, made in consideration of five hundred dollars, " to him in hand paid by said Sailors, less $200 for the love and affection the said White bears to his daughter, Martha A. Sailors, donates out of the $500, at and before

the sealing and delivery of these presents," and conveying the premises to the son-in-law with warranty title, vests the title in him for his own use, no other use being declared. No trust results in favor of the daughter, and while parol evidence would be admissible in a proceeding to reform the deed if it does not execute the intention of the parties, such evidence is not admissible upon the trial of an action of ejectment brought by the daughter against a person in possession of the land.

May 8, 1891.

Deeds. Title. Evidence. Consideration. Trusts. Ejectment. Before Judge HUTCHINS. Jackson superior court. August term, 1890.

Mrs. Sailors petitioned for the recovery from Hawks *et al.* of two fifths of the land conveyed by the deed of Jesse White to C. C. Sailors (mentioned in the decision), and subsequently conveyed by Sailors to one of the defendants. The jury found in her favor, and a motion for a new trial was overruled. The motion alleged that the verdict was contrary to law and evidence, and that the court erred in admitting the following testimony of Jesse White: "The deed was made in pursuance of the fact that I had given all my other children $200 as an advancement, and desired to give a like amount in land to Mrs. Sailors. Sometime before the deed was made, I told my son-in-law I would sell him the land at $500, but would only require him to pay $300 as I wanted to give $200 of it to his wife. My daughter had told me she had rather have $200 in that land than money. I thought the effect of the deed was to secure to her the $200 I intended to give her in the land. The gift was to her, not to her husband." The objections to this testimony were that it was a conversation prior to the execution of the deed, not in the presence of the defendants, was hearsay, and was an effort to create by parol a trust which had not been created in writing.

D. W. MEADOW and BARROW & THOMAS, for plaintiffs in error.

THOMAS & STRICKLAND, *contra*.

SIMMONS, Justice.

We think the court erred in refusing to grant a new trial in this case. The deed put in evidence by Mrs. Sailors, the plaintiff in the court below, upon which to predicate a recovery, shows that the whole title to the land was in her husband and not in her. It conveys the title to C. C. Sailors, the husband, and warrants the same to him. The use is also declared "to him and their heirs, to his and their own proper use, benefit and behoof forever in fee simple." It is true that in stating the consideration, it declares that "said White has for and in consideration of the sum of $500 to him in hand paid by said Sailors, less $200 for the love and affection the said White bears to his daughter, Martha A. Sailors, donates out of the $500, at and before the sealing and delivery of these presents, . . . hath bargained and sold," etc. But we do not think this clause is inconsistent with the intention of the grantor to place the title to the land in his son-in-law, Sailors. The love and affection which he bore to his daughter was a sufficient consideration to donate to the son-in-law the $200. Whether the grantor intended to donate the $200 to his daughter or to his son-in-law makes no difference in this suit, because, as we have before remarked, the deed clearly puts the title in the son-in-law, and for his own use, and fails to declare any other use in the land.

Nor do we think that under the terms of this deed any trust resulted in favor of the daughter, or that the husband was trustee for her for two fifths of the land described in the deed. This was a suit in ejectment, where the daughter sought to recover two fifths of the land. Under this deed, we do not think she was entitled to do so. In a suit in ejectment she could not engraft upon the deed, by parol testimony, new terms and conditions; and the court therefore erred in allow-

ing the parol testimony which is set out in the amended motion for a new trial.    If the suit had been to reform the deed and make it declare the true intention of the parties at the time it was made, parol testimony would have been admissible for that purpose, but in this form of action it was not admissible.    *Judgment reversed.*