### KEMP *v.* THE STATE (two cases).

1. The special act for Screven county, approved March 2, 1874, regulating the grant of licenses to sell liquor, does not contain two subjects, is supplementary to the general law, and does not abrogate the provisions as to registration or taking the oath required of those who obtain licenses.
2. The fact that there may be a local act regulating the grant of licenses in Screven county does not prevent an indictment for a sale of liquor therein,

if in violation of the provisions of the general law contained in the Penal Code, §§ 430–434.

3. An indictment for the sale of spirituous, vinous, and mixed liquors is not double, but charges a single offense which may be sustained by proof of the sale of any one of the liquors named.

4. An indictment charging the sale of spirituous and vinous liquors is good without alleging that the wine is not domestic wine.

5. A sale of intoxicating liquors to an agent may be alleged as a sale ·to the principal.

Submitted April 22, — Decided May 10, 1904.

Indictments for selling liquor without license. Before Judge Overstreet. City court of Sylvania. February 1, 1904. ·

There were two cases against Kemp. In the first the unlawful sale of liquor was alleged to have been made to Hub Bazemore, and the evidence showed that Braboy had acted as agent for him in making the purchase from the defendant. In the second case it appeared that Woodberry acted as agent in buying the liquor from Kemp for Hub Bazemore and R. H. Bazemore, to whom the indictment charged the sale had been made. The indictments in both cases were substantially the same, and similar demurrers were interposed to each. The motions for new trial raised the same legal questions. The facts set out in the opinion were those of the first case.

*H. S. White*, for plaintiff in error.
*Horace A. Boykin, solicitor*, contra.

LAMAR, J. The act of 1874 (Acts 1874, p. 403) did not contain two subjects, but provided a new method for obtaining licenses to sell any sort of liquor in Screven county, and expressly repealed the prior and inconsistent act of 1873 (Acts 1873, p. 288), regulating the sale of spirituous liquors only. But whether one or the other of these two acts, or that approved August 11, 1881 (Acts 1880–1, p. 593), was of force, was immaterial and afforded no support to the defendant's contention that he could not be indicted under the general law (Penal Code, § 431) if there was in existence a special law on the subject of licenses in Screven county. Such local act supplemented, but did not repeal, the general law as a whole. It did not prohibit the sale of liquor nor prevent the grant of licenses, nor set aside the general requirement as to registration and taking the oath required of all liquor

sellers. If one violated the provisions of the special act, he might be indicted therefor; or he might be indicted under the broader and more comprehensive provisions of the general law. *Wells* v. *State*, 118 *Ga.* 556; *Blake* v. *State*, 118 *Ga.* 333.

The defendant was not charged with a violation of the Penal Code, § 450, relating to the sale of domestic wines, but with selling brandy, whisky, gin, mixed drinks, and wine, "to wit one pint of gin." The charge followed the language of the Penal Code, § 431, and was not double. Proof of the sale of any of the liquors described would have been sufficient to sustain the indictment. Nor was it necessary to allege that the wine was not "domestic," that being matter for defense. *Hancock* v. *State*, 114 *Ga.* 439 (3, 4); *Wells* v. *State*, supra.

The indictment charged that Kemp sold the liquor to Bazemore. The testimony for the State tended to show that Braboy had acted as the agent of Bazemore in making the purchase, and the defendant contends that the evidence showing a delivery to Braboy did not sustain the charge of the sale to Bazemore, even if Braboy acted as agent of the latter. This contention seems to be answered by the ruling in *Hall* v. *State*, 87 *Ga.* 233, where it was said that an indictment charging a sale to A will be supported by evidence that it was made to him through his servant or messenger, and the latter need not be mentioned by name or otherwise in the indictment. In Com. *v.* McGuire, 11 Gray, 460, it was held that a sale of intoxicating liquor to the agent of an undisclosed principal may be alleged as a sale to the principal, the court saying that if the goods were sold on credit under similar circumstances it would be optional with the vendor to treat the sale as having been made to the agent or principal as he might elect, and that the State in an indictment describing such sale might allege it as a sale to the agent or to the afterwards-disclosed principal. Compare Civil Code, § 3032. In *Hall* v. *State*, 87 *Ga.* 234 (2) there is a suggestion which appears to be opposed to the views expressed above, but it was a mere suggestion, and not an authoritative ruling.

*Judgments affirmed. All the Justices concur.*