*C. E. Roop, solicitor,* contra.

---

## 5938. REDDICK *v.* THE STATE.

1. Where one count in an indictment charges the defendant with selling intoxicating liquor to a person named, and another count charges him with keeping such liquor on hand at his place of business, evidence tending to establish his guilt under one count may be considered by the jury, though entirely irrelevant to the other count.

2. Where an indictment charged the defendant with keeping on hand intoxicating liquor at his place of business, and, in another count, with the sale of such liquor to a person named, proof that on the day alleged in the indictment, and in the vicinity of his place of business, he offered to sell intoxicating liquor to a person other than the one named in the indictment was admissible in support of the charge of keeping intoxicating liquor on hand at his place of business, since it was a circumstance tending to show that he had such liquor in his possession, and tended

to corroborate a witness who testified that the defendant kept intoxicat-
ing liquors on hand at his place of business; though, in the absence of
evidence connecting the offer, or the person to whom it was made, with
a sale of liquor by the defendant to the person named in the indictment,
proof of the offer would not be admissible for the purpose of establish-
ing the alleged sale.

DECIDED DECEMBER 9, 1914.

Indictment for misdemeanor; from Baldwin superior court—
Judge Park. July 15, 1914.

Reddick was tried in the county court on an indictment charging
that on October 31, 1913, he "did sell and barter, for a valuable
consideration, alcoholic, spirituous, malt, and intoxicating liquors,
and other drinks which if drank to excess will produce intoxication,
to one Will Hazel, and did keep on hand said liquors at his place
of business, to wit, his store in the city of Milledgeville, Ga., con-
trary to the laws of said State," etc. The jury returned a verdict
of guilty, and he sued out certiorari; the certiorari was overruled
by the judge of the superior court, and he excepted.

On the trial Will Hazel testified, for the State, that he came to
Milledgeville in October, 1913, to work for the city as a detective
"to run down blind tigers," and that on the evening of October 31
he went to the grocery store of the defendant in Milledgeville to
buy whisky, accompanied by his employer, Vickers, who remained
outside while he entered the store; that with money given to him
by Vickers he bought a half-pint of whisky, which he brought back
and delivered to Vickers; that when he entered the store he asked
the defendant to let him have some whisky, and the defendant
reached under the counter and got a bottle of whisky and delivered
it to him; that the defendant was at the circus all day, and came
back to the store about night, when the purchase was made. Vick-
ers testified, that he went with the witness Hazel to the defendant's
store on October 31, but that he remained outside of the store, in
the dark; that he gave Hazel money to go in and buy whisky, and
that after Hazel entered the store he could see him through the
window; that he saw the defendant hand something to Hazel over
the counter, which Hazel brought to him (Vickers), and which
proved to be a half-pint of whisky. This witness further testified
that the defendant offered to sell him a pint of whisky during the
morning of the same day, at the circus grounds, and this testimony
was objected to by the defendant, as irrelevant, because it tended to

establish another crime, distinct entirely from the particular crime of selling liquor to Hazel, with which the defendant was charged, and because it did not appear that the attempt to sell was made at the place of business of the defendant. The petition for certiorari assigns error on the ground that the court erred in admitting this testimony, and also on the ground that the verdict was contrary to law and evidence, and without evidence to support it.

*Edward R. Hines,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

WADE, J. (After stating the foregoing facts.) Under the general rules of criminal evidence, proof of a distinct, independent offense is inadmissible on the trial of one accused of crime. Various exceptions have, however, been recognized; as, for instance: to show motive by establishing a common scheme, plan, or system; to show intent, where intent is not only an essential ingredient of the offense, but is of its very essence; and to rebut special defenses, such as insanity, good character, or accident or mistake. Intent being an essential element of the crime of obtaining goods under false pretenses, evidence of other offenses of a like nature may be introduced, in order to establish the wrongful intent. In *Lee* v. *State,* 8 *Ga. App.* 413 (69 S. E. 310), this court held that on the trial of one charged with a violation of the act regulating the sale of narcotic drugs, by a sale to a particular person, evidence of sales to other persons was admissible, not for the reason that this proof showed the defendant to be a frequent or habitual lawbreaker, but because it tended to show the purpose or intent which actuated him at the time he furnished the person named with a prescription for cocaine; and the fact that he was daily issuing a large number of these prescriptions, indiscriminately and apparently to all who applied therefor, tended to establish his intent and purpose in so doing, and to determine whether he furnished the drug in good faith and because he deemed it necessary for the treatment of the particular person, or merely in evasion of the law and for pecuniary profit. Also, in *Ray* v. *State,* 4 *Ga. App.* 67 (60 S. E. 816), this court held, that while, as a general rule, in a prosecution for a particular crime, evidence tending to show that the defendant has committed other offenses is not admissible, yet where the testimony offered has a distinct relevancy to the case on trial, it is not inadmissible merely because it tends also to show the defendant's

connection with some other criminal transaction. The facts in that case were considered sufficient to justify the exception to the rule there stated, as there appeared to be a general system or plan by which the defendant was engaged in carrying out a series of peculations from the same warehouse, and by the identical means employed in the instance where he was detected and for which he was prosecuted. So, also, a majority of this court held, where one was charged with the larceny of certain harness, and the State relied for a conviction upon the inference of guilt arising from the recent possession by the accused of stolen property, that it was proper to admit proof of the theft of several other sets of harness found in his possession, since the fact that at the same time and place he was in possession of other stolen property of the same kind tended strongly to show guilty possession of the property described in the indictment, and to rebut the inference that he could be in possession of so much stolen property without guilty knowledge. His possession of twenty-two stolen sets of harness besides the set he was charged with stealing tended to show either that he stole the particular set of harness described in the indictment, or that he received that set knowing that it had been stolen. In other words, the evidence tended to establish the intent and knowledge with which he had acquired the stolen property, and whether such intent was innocent or guilty. *Martin* v. *State,* 10 *Ga. App.* 798 (74 S. E. 306). As stated in 1 Wharton's Criminal Evidence, § 31, while proof of collateral offenses is generally not admissible, yet such proof is sometimes admissible as part of the res gestæ, to prove identity of person or crime, or guilty knowledge, intent, motive, system, malice, to rebut special defenses, and is relevant in prosecutions for various particular crimes, where such proof would tend to establish some essential ingredient of the crime. See also *Frank* v. *State,* 141 *Ga.* 243 (80 S. E. 1016).

In prosecutions for violation of liquor laws, "it is a general rule that the prosecution must prove the sale as laid in the indictment or information, and as that sale is the issue raised, no other sale can be proven, unless they all constitute one transaction, or unless a whole series must be proven to make out the offense charged, or it is necessary to prove a motive or scienter, or to identify the accused." 2 Woolen & Thornton on Intoxicating Liquors, § 931. Where, however, the intent with which the particular sale was made

is an issue, proof of other sales may be admitted; or where the defendant is charged with keeping liquors with intent to sell them illegally, the prosecution may rely for conviction upon a particular sale, and yet give evidence of other prior sales, for the purpose of showing the intent with which the liquors were kept. Id. 1610. But where evidence of sales other than the one charged do not tend to develop the res gestæ, or to connect the defendant with the alleged sale, it is inadmissible. Walker v. State, 44 Tex. Cr. R. 546 (72 S. W. 861).

The indictment against this defendant charged him specifically with the offense of selling liquor on the 31st day of October, 1913, to one Will Hazel, and with keeping on hand intoxicating liquors at his place of business. The proof showed that on the day named the defendant made a sale of liquor to Hazel, and also that this liquor was purchased by Hazel at the place of business of the defendant as described in the indictment. There was evidence, offered in behalf of the State and admitted by the court over the objection of the defendant, that prior to the time when Hazel made his purchase, the defendant had elsewhere than at his place of business offered to sell whisky to Vickers; the objection being that since the indictment charged the defendant specifically with selling to Hazel, proof of another sale, or of an attempt to make another sale, to a different person was irrelevant and incompetent. Undoubtedly, so far as relates to the charge of *selling* intoxicating liquors to Hazel, this objection was good and the evidence was inadmissible; for while it is true that the State, in making out such cases, is not confined to the day named in the indictment, but may prove the commission of the offense at any time within two years prior to the date of the indictment, and therefore any number of sales to Hazel other than the specific sale charged on the day named could have been shown to support the charge against the accused, nevertheless, where the indictment charges a sale to a particular person, sales to that person and to that person alone, or to the agent of that person, may alone be proved in support of the charge. Had the indictment charged that the sale was made to Vickers, proof that Hazel was the agent of Vickers and that he purchased the whisky for Vickers would have supported the charge; but a sale to Vickers, or an offer to sell him, would certainly not be admissible merely because it appeared that Vickers had authorized Hazel, as his agent, to pur-

chase intoxicants from the defendant. *Kemp* v. *State,* 120 *Ga.* 157 (47 S. E. 548).

The defendant was charged with two kindred but distinct offenses, and while evidence relative to an offer to sell to Vickers was entirely irrelevant and inadmissible so far as related to the charge of selling liquors to Hazel, nevertheless this evidence was, under the general rules we have discussed above, relevant and admissible as tending to establish the charge against him of keeping intoxicating liquors at his place of business, notwithstanding that the attempt to sell to Vickers was made elsewhere than at the said place of business. The evidence was not admissible in order to establish the *purpose* for which the defendant kept the whisky at his place of business, since the purpose or intent which may have led him to keep intoxicating liquors at his place of business is, under the general prohibition law, entirely immaterial. *Cohen* v. *State,* 7 *Ga. App.* 5 (65 S. E. 1096). And see *Klug* v. *State,* 77 *Ga.* 735 (5). He was not charged, as under the usual municipal ordinances against the storage of intoxicants, with keeping liquors *for the purpose of sale,* but was charged under the State law with the offense of simply *keeping* liquor on hand at his place of business. The evidence was, however, admissible under another view; for it tended to corroborate the testimony of the witness Hazel, which was to the effect that the defendant kept whisky on hand at his place of business. The fact that the defendant offered to sell Vickers whisky on the very day he was charged with keeping intoxicants at his place of business was a circumstance which undoubtedly tended to establish the fact that he had whisky somewhere, and furthermore that he had whisky somewhere not very remote from the place where he made the offer to sell to Vickers; and hence this testimony corroborated the evidence of Hazel that he obtained the whisky, which he testified he purchased from the defendant later in the same day, at his place of business, only a short distance away from the place where the defendant made his offer of sale to Vickers.

. In *Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156), our Supreme Court held that on the trial of one charged with illegally selling whisky, "it is not error to admit evidence to show that the house of the accused was searched by officers subsequently to the day on which the alleged sale was made, and that bottles of whisky were found

therein." In that case such evidence was objected to on the ground that it could in no way illustrate the issue whether the accused sold whisky on the day alleged, but the court said that "this evidence was clearly admissible as a circumstance from which the jury might infer that the accused kept whisky in his house for sale, and therefore *to strengthen the testimony given as to the sale charged in the accusation*" (italics ours). This decision was rendered by a full bench, and has never been reversed or criticized. On an indictment for keeping liquor for unlawful sale, carrying on the business of liquor-selling, or the like, "evidence may be admitted of the finding of liquors in other places than defendant's house or shop, or other than the place of the commission of the alleged offense, provided it is shown that defendant used such other places, or resorted thereto, or had access thereto, and provided there is some evidence to connect him with the liquors discovered." 23 Cyc. 250. If evidence showing that bottles of whisky were found at the house of the accused after the date on which an alleged sale was made was admissible to "strengthen the testimony given as to the sale charged in the accusation," certainly, it seems to us, where one witness has testified that on a certain day the defendant was in possession of whisky at his place of business, evidence of another witness that previously on the same day and in the same vicinity the defendant offered to sell whisky to him would tend to corroborate the former witness and to establish the fact that the defendant in fact kept whisky at his place of business. Proof of the defendant's offer at the circus grounds to sell whisky to Vickers clearly indicated that the defendant then had liquor in his personal possession or at some place not too remote to be readily accessible, or that he expected soon to have liquor in his possession, there or elsewhere. The testimony objected to was as follows: "Reddick offered to sell me a pint of whisky that day. This attempt to sell me the whisky was made in the morning, before the circus." This statement does not necessarily mean that Reddick offered to deliver the whisky *then* and *there*, at the circus grounds, but a logical inference is authorized that the defendant could supply the whisky, and this offer to sell would rather support the idea that he expected to supply it *from his place of business,* and there had it on hand, or would later have it on hand; and most assuredly this testimony tended to corroborate the evidence of Hazel that Reddick actually had whisky

in his possession at his place of business a few hours later. The offer indicated that he either then had or would soon have whisky at or near the circus grounds where the offer was made, and served legally to corroborate the testimony of Hazel that the defendant in point of fact kept whisky on hand *at his place of business* in that vicinity. Undoubtedly the testimony comes up to the test laid down in the case of *Ray* v. *State*, supra, since it had a distinct relevancy to the second count in the indictment (the charge of keeping liquors on hand at a place of business), and therefore was not inadmissible "merely because it also tends to show the defendant's connection with some other criminal transaction."

In the case of *Holland* v. *State*, 9 *Ga. App.* 831 (72 S. E. 290), there was a conviction of a violation of the prohibition law in keeping spirituous liquor on hand at the defendant's place of business, and in the motion for a new trial it was insisted that the trial judge erred in allowing a witness to testify that he had on repeated occasions bought whisky from the accused, as this evidence was not in rebuttal and was not relevant or material to the charge of keeping liquor at the defendant's place of business. In the well-considered opinion in that case, Hill, C. J., speaking for the court, said: "It is clearly relevant, where one is charged with keeping whisky on hand at his place of business, as corroborative of that charge, to show that about the time he was charged with having it on hand at his place of business he was selling it illegally. If he was selling whisky illegally, it is not unreasonable to presume from these facts that he kept his liquor at some place; and what is more likely than that he kept it at his place of business?" This expression from the able former Chief Judge of this court aptly and completely caps the argument advanced in this opinion in support of the proposition which it enunciates briefly and which we have discussed at length.

Where one is indicted under two counts and the evidence fails to establish his guilt under one of the counts, a general verdict can not be sustained, if excepted to for this reason. *Dozier* v. *State*, 14 *Ga. App.* 473 (81 S. E. 368); *Morse* v. *State*, 10 *Ga. App.* 61 (4), 65 (72 S. E. 534), and citations. Here it appears that there was testimony to sustain *both* counts in the indictment; and testimony was offered which, under our ruling in this case, was admissible to sustain one count, and irrelevant and inadmissible so far

as the other count was concerned. In other words, the evidence of a prior offer to sell to another person was inadmissible to establish the fact of a sale to Hazel, but the same evidence was, for the reasons given above, admissible under the charge of keeping liquor at the place of business of the defendant; and hence, since it tended to support *one* of the counts in the indictment, the court did not err in overruling the objection thereto, notwithstanding it was irrelevant and incompetent to establish the guilt of the defendant under the other count. "Where the indictment charges one offense and the evidence proves another, the variance is fatal and a conviction can not be sustained. But where the indictment charges different offenses in different counts, evidence offered under one count may properly be considered by the jury under the other count, if it tends to support the charge therein made." 23 Cyc. 253. The evidence of Hazel was sufficient to establish the guilt of the accused under the charge of selling liquor. The evidence of both Hazel and Vickers was likewise sufficient to establish the guilt of the accused of keeping liquor on hand at his place of business. The fact that some of the evidence offered to corroborate a witness who testified that the defendant kept liquor on hand at his place of business was inadmissible to establish his guilt under the charge of selling liquor would not prevent the submission of this evidence to the jury; and if the defendant had desired that the jury be limited in their consideration of such testimony, and instructed that they might only consider it in connection with the count in the indictment charging the accused with "keeping," a written request for such precise instruction should have been made.

*Judgment affirmed. Broyles, J., not presiding.*