### 6546. CAMP *v.* THE STATE.

BROYLES, J. 1. Where there is only one count in an indictment which charges the accused with illegally selling intoxicating liquors, and also with keeping such liquors on hand at his place of business, and there is proof of one of these acts, a general verdict of guilty is ²legal and affords no ground for complaint. Such an indictment is to be considered as charging but one violation of the law, and as merely varying the details of the violation, and only a single punishment can be imposed as a result of the conviction. *Hall* v. *State,* 8 *Ga. App.* 747 (70 S. E. 211).

(a) This ruling is not in conflict with the decision in *Reddick* v. *State,* 15 *Ga. App.* 437 (83 S. E. 675). In that case this court merely overlooked the fact (as shown by an examination of the original record on file) that the indictment contained only one count, and did not intend to hold that because the indictment charged the accused with the illegal sale of intoxicating liquors and also with the illegal keeping of such liquors on hand at his place of business, it should be treated as containing two counts. In that case the inadvertence of this court in overlooking the fact that the indictment contained only one count, instead of two, was immaterial, for there was evidence which authorized the conviction of the accused both of selling whisky and of keeping it on hand at his place of business, and the conviction was affirmed.

2. The instructions of the court complained of contain no reversible error for any reason assigned.

3. Courts do not favor motions for a new trial which are based upon newly discovered evidence. The alleged newly discovered evidence having been partially met by a counter-showing by the State, and no sufficient diligence having been shown by the plaintiff in error, we can not hold that the trial judge abused the wide discretion vested in him in overruling this ground of the motion for a new trial.

4. The verdict was authorized by the evidence.

*Judgment affirmed. Russell, C. J., dissents.*

DECIDED OCTOBER 22, 1915. REHEARING DENIED NOVEMBER 5, 1915.

Indictment for misdemeanor; from Dougherty superior court— Judge Cox. April 2, 1915.

*Pottle & Hofmayer,* for plaintiff in error.

*R. C. Bell, solicitor-general, H. A. Peacock, F. A. Hooper,* contra.