### 15219.   Jones *v.* The State.

Broyles, C. J.  1.  In a prosecution for possessing whisky it is not error to admit evidence that on other occasions, both before and after the date of the offense charged in the accusation, whisky was found in the place of business of the accused.  *Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156); *Lee* v. *State,* 8 *Ga. App.* 413 (3) (69 S. E. 310); *Holland* v. *State,* 9 *Ga. App.* 831, 835 (72 S. E. 290); *Reddick* v. *State,* 15 *Ga. App.* 437 (2) (83 S. E. 675); *Littleton* v. *State,* 20 *Ga. App.* 746 (3) (93 S. E. 230).

2. The verdict was amply authorized, if not demanded, by the evidence, and none of the alleged errors committed upon the trial requires another hearing of the case. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 6, 1924.  REHEARING DENIED APRIL 15, 1924.

Certiorari; from Fulton superior court—Judge Humphries. November 12, 1923.

Application for certiorari was denied by the Supreme Court.

*Paul L. Lindsay,* for plaintiff in error.

*John A. Boykin, solicitor-general, Roy Dorsey, solicitor, E. A. Stephens,* contra.