## 27964. HALE *v.* THE STATE.

BROYLES, C. J.  1. The defendant was convicted of illegally selling whisky; and, under all the facts of the case, it was not error to admit evidence that on various other occasions, five or six months before the date of the offense charged, he was in the illegal possession of whisky. The defendant denied having sold whisky as charged in the accusation, and the evidence as to his illegal possession of whisky on the other occasions was admissible to prove scienter, or guilty knowledge of the accused, and to show his intent or motive under the circumstances. One can not sell whisky unless he is in possession of it, and evidence of such possession on other occasions tends to show that he was illegally dealing in whisky and is admissible as a circumstance for the consideration of the jury on the question of the guilt or innocence of the accused. *Cole* v. *State*, 120 *Ga.* 485 (48 S. E. 156); *Frank* v. *State*, 141 *Ga.* 243 (80 S. E. 1016); *Jones* v. *State*, 32 *Ga. App.* 7 (122 S. E. 738); *Reddick* v. *State*, 15 *Ga. App.* 437 (83 S. E. 675); *Terry* v. *State*, 36 *Ga. App.* 305 (136 S. E. 476); 1 Wharton on Criminal Evidence (10th ed.), § 31. Under the foregoing ruling, the special grounds of the motion for new trial in the instant case show no cause for a reversal of the judgment.

2. The evidence, while in sharp conflict, authorized the verdict, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED FEBRUARY 5, 1940, REHEARING DENIED MARCH 23, 1940.

*Loeb C. Ketzky,* for plaintiff in error.
*L. L. Meadors, solicitor,* contra.