20327. HARPER *v.* THE STATE.

DECIDED APRIL 15, 1930.

*McClellan & Jacobs,* for plaintiff in error.
*John Y. Roberts, solicitor,* contra.

LUKE, J. Clarence Harper was convicted of possessing whisky. His motion for a new trial, based upon the general grounds and one special ground, was overruled, and he excepted.

A policeman testified that he saw defendant sitting on the porch of a house located at 859 Broadway, Macon, Ga., and an automobile parked in the front yard of the house; that the motor of the automobile was hot; that he found a gallon of whisky under the hood of the car and asked defendant about it; that defendant at first

denied all knowledge of the whisky, but that when something was said about turning the car over to the government, defendant said that he had gone to Lorane and gotten the whisky, and that it was his. Another witness corroborated the testimony of the first witness as to the defendant's confession. He further swore that he had never seen the defendant before; that the reputation of the house at 859 Broadway was bad for bootlegging; that they had caught Walter Holt and the Freeman woman, and had made cases against them; that said house was a kind of a rooming-house, and that six or seven families lived there; and that he did not know whether or not the defendant lived there.

Walter Holt testified that the car in which the whisky was found belonged to his mother, Hattie Freeman, and that it had been standing in the yard an hour before the arrival of the officers; and that the house fronted on a public street, and that anybody could have put the whisky in it.

The defendant stated that he had been back from Lorane about an hour when the officers arrived; that he did not put the whisky under the hood of the car and did not know anything about it; that at first he denied all knowledge of the whisky, but that when the officers told him that they would turn the car over to the government, and that it would be better for him to say that the whisky was his, he "owned it;" and that somebody else must have put the whisky in the car.

The only special ground complains of the admission of the following evidence of the witness Jackson: "The reputation of that house at 859 Broadway is bad for bootlegging. We have caught Walter Holt there, and the Freeman woman." Counsel objected to the evidence upon the ground that it put defendant's character in issue, when he had not first done so, and that it related to the conduct of other persons and was immaterial.

The evidence referred to did not put defendant's character in issue, and was not objectionable for that reason. Neither did the admission of the evidence in regard to Walter Holt and the Freeman woman warrant a new trial. Defendant's confession, together with the other evidence in the case, amply warranted the conviction, and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*