24555. PHILLIPS v. THE STATE.

DECIDED AUGUST 29, 1935.

676

C. G. Battle, for plaintiff in error.

John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw, contra.

BROYLES, C. J. █ In the trial of a prosecution for possessing whisky it is not error to admit evidence that on other occasions, shortly before or shortly after the date of the offense charged in the accusation, whisky was found in the possession of the defendant. "Where knowledge, motive, intent, good or bad faith, and other matters dependent upon a person's state of mind, are involved as a material element in a particular criminal offense for which a defendant is on trial, and the defendant has engaged in a course of conduct or done other acts at or about the same time the act in question was committed, and these other transactions are such as to illustrate the state of the defendant's mind on the subject involved, proof of them may be received." Lee v. State, 8 Ga. App. 413 (3) (69 S. E. 410). See Jones v. State, 32 Ga. App. 7 (122 S. E. 738) ; Martin v. State, 35 Ga. App. 575 (134 S. E. 185) ; Hayes v. State, 36 Ga. App. 668 (137 S. E. 860) ; Mays v. State, 47 Ga. App. 55 (169 S. E. 683), and cit. Under the foregoing ruling and the facts of the instant case, the court did not err in admitting evidence that the defendant, at other places and on other occasions shortly before the date of the offense charged in the accusation, was found in the possession of whisky.

█ The evidence for the State showed that when the policemen raided the defendant's dwelling-house they found there whisky and two persons, Fannie Powell and the defendant; and that the defendant slipped out of the house and escaped before he could be arrested. After the State rested its case, the defense put up Fannie Powell, who testified that when the policemen came into the house the defendant was not there and had not been there; that she and a man (not the defendant) were the only persons in the house; that she and this man lived there, and that the defendant did not. After the defense closed its testimony, the State reintroduced one of the policemen who testified, over the objections of the defendant, that when he found the whisky in the house Fannie Powell told him that she was there cooking for the defendant, and that the whisky belonged to him. Under the circumstances this evidence was ad-

missible as showing statements made by the witness Fannie Powell which were contrary to her testimony and which tended to impair her credibility as a witness.

█ The other assignments of error in the petition for certiorari are without substantial merit. The evidence, while in sharp conflict, authorized the verdict. The judge did not err in overruling the certiorari.

*Judgment affirmed. MacIntyre, J., concurs specially. Guerry, J., dissents.*

MacIntyre, J., concurring specially. The accusation was not in general terms, and therefore the State was relying upon the particular charge in the accusation that the defendant "on the 30th day of November, 1933, did have, control, and possess spirituous and intoxicating liquor, to wit: 1 qt. of whisky in a bottle and two gallons of whisky in cans on Strong St." The evidence was circumstantial as to whether the defendant resided at the house and as to whether he was the head of the house where the liquor was found. The circumstantial evidence was aided by the presumption that the house and all of the household effects belonged to the head of the house. There was a woman cooking in the house at the time the liquor was found. Both the defendant and the woman were colored persons. The following evidence was introduced as to whisky being found on the premises of defendant shortly before the occasion charged in the accusation: "I had been seeing him for two years around there, and one time we went to search Tom Phillips' place—not this one, but the house 3 or 4 doors below that has been torn down—where he stayed before, and got 27 gallons of liquor in the edge of his yard; and another time I went there and got one of these flat quarts of whisky." Q. "About how long before this transaction was that?" A. "They were along right together. We would go there once or twice a week and sometimes we would miss two weeks." This evidence of the possession of the liquor a short time prior to the occasion alleged in the accusation was admissible, because it tended to prove that the defendant knowingly had the liquor in his possession on the occasion charged in the accusation. State *v.* Hanger, 108 Kan. 115, 116 (103 Pac. 1052). The evidence was admissible as a circumstance from which the jury might infer that the defendant knowingly kept the liquor in his house, and therefore to strengthen the testimony

given that the defendant knowingly had the whisky on the occasion charged. *Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156) ; Hubbard *v.* State, 94 Tex. Cr. 480 (251 S. W. 1054). There is an interesting discussion in State *v.* Donaluzzi, 94 Vt. 142, 146 (109 Atl. 57), on the question of when evidence of other crimes is admissible. It is there said : "Where evidence tending to prove another offense is offered, the same considerations arise with respect to its admissibility as upon the offer of other testimony. The controlling question is : is the evidence relevant—does it tend to prove any fact material to the issues in the case? Note, 105 A. S. R. 980. If the evidence is admissible on other general grounds, it is no objection to its admission that it discloses other offenses, even though they are indictable. People *v.* Jennings, 252 Ill. 534 (96 N. E. 1077, 43 L. R. A. (N. S.) 1206). The special difficulty disappears if the evidence is considered strictly upon the ground of its relevancy to the issues on trial, regardless of the fact that it may incidentally show the commission of some other offense. It should be observed in this connection, however, that the evidence of other acts is not admissible to prove the commission of the act complained of—the corpus delicti. But, speaking generally, such evidence is admissible in a proper case . . to show . . guilty knowledge on his [defendant's] part, when an issue; or as tending to illustrate, characterize, or explain the act, when capable of more than one construction."

"It is frequently said that evidence of other crimes is admissible to . . rebut a defense based upon evidence tending to show an absence of knowledge." 105 Am. St. R. 9, 7. Thus in the instant case the defendant could set up a defense, based upon evidence, that if the whisky was in the house he did not know it was there. I think, therefore, the evidence was relevant to prove scienter or guilty knowledge, and is an exception to the general rule as to the proof of collateral offenses. 1 Wharton's Cr. Evi. (10th ed.) 35, § 35.

GUERRY, J., dissenting. The accusation in this case charges that the defendant, on November 30, 1933, "did have, possess, and control spirituous and intoxicating liquor, to wit, one quart of whisky in bottle and two gallons of whisky in cans, on Strong street, said State and County." The evidence as to the possession of this named and described whisky by the defendant is entirely

circumstantial. The State was allowed, over proper objection made, to prove that at another time within two years the officers had searched a place where defendant was *then* living, "three or four doors below—that has now been torn down, where he stayed before, and found 27 gallons of liquor in the edge of his yard." Judge Wade, in *Reddick* v. *State,* 15 *Ga. App.* 437, 441 (83 S. E. 675), held that where an indictment charges a specific sale to a named individual at a specific time, evidence as to a sale to another person and at another time is inadmissible; for "where the indictment charges a sale to a particular person, sales to that person and to that person alone, or to the agent of that person, may alone be proved in support of that charge." In *Green* v. *State,* 36 *Ga. App.* 281 (136 S. E. 323), where the defendant was charged with possessing whisky at a named street and number, it was held to be error to admit evidence as to possession of whisky at other times and places. The distinction was clearly drawn in the *Reddick* case, supra. Reddick was indicted in two counts, one charging him with selling whisky to a named individual, the other with keeping such liquor on hand at his place of business. Evidence was offered tending to show a sale or offer of sale to another person. It was objected to on the ground that it tended to establish another crime, distinct from that charged in the accusation. This court held that such objection was good, and that the evidence was inadmissible to show a sale to the person named in the accusation, but that it was admissible to illustrate motive, intent, and the like, with reference to the charge of keeping whisky for sale. "It is an elementary principle that the commission of one crime is not admissible in evidence to establish the guilt of a party of another." People *v.* McLaughlin, 150 N. Y. 365 (44 N. E. 1017). "Where one is on trial charged with the commission of a crime, proof of a distinct and independent offense is never admissible, unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other. While this rule is general and subject to few exceptions, still there are some exceptions; as, when the extraneous crime forms part of the res gestæ; or is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; or may bear upon the question of the identity of the accused, or articles connected with the offense, or is evidence of prior attempts by the accused to commit the same crime upon the

victim of the offense for which he stands charged; or where it tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged." *Cawthon* v. *State,* 119 *Ga.* 395 (46 S. E. 897). As was said by Luke, J., in *Green* v. *State,* 36 *Ga. App.* 281 (136 S. E. 323), "While there are a few exceptions to this general rule, as stated in the above-cited case, 'these exceptions ought to be carefully limited and guarded by the courts.'" In *Farmer* v. *State,* 100 *Ga.* 41-45 (28 S. E. 26), it was said that in a prosecution for cheating and swindling committed by making false and fraudulent representations as to the wealth and commercial responsibility of the accused, and thus obtaining money on credit, it is competent to prove that the accused did about the same time make such similar representations to others for the purpose of fraudulently obtaining goods. This testimony was admitted for the purpose of illustrating intent or motive of the accused in the transaction for which he was being tried. This decision quoted approvingly from Judge Story: "In all cases where the guilt of the party depends on the intent, purpose or design with which an act may be done, or upon his guilty knowledge, I understand it to be a general rule that collateral facts may be examined into in which he bore a part for the purpose of establishing a guilty intent. . . In many cases of fraud it would be otherwise impossible satisfactorily to establish the true nature and character of the act." Intent "being a secret operation of the mind, it can only be ascertained by the acts and representations of the party." See authorities cited.

The possessing of whisky in the case at bar was not a question of intent, or the purpose in the mind of the accused, but was a question of a concrete, tangible fact. *Cohen* v. *State,* 7 *Ga. App.* 5 (65 S. E. 1096). "It is not, on the trial of an indictment for one offense, competent for the State to prove the previous conditions of the accused of another and entirely different offense; and this is so though a fact necessarily established by that conviction was one relevant to the case on trial." *Gay* v. *State,* 115 *Ga.* 204 (41 S. E. 685). As was said in *Lee* v. *State,* 8 *Ga. App.* 413 (2) (69 S. E. 310). "Proof of other crimes is never admissible . . where its chief or only probative value consists in showing that the defendant is, by reason of bad character (demonstrated through a criminal career) more likely to have committed the crime than he

otherwise would have been. To admit such evidence, it must have relevancy and probative value from some other point of view." Knowledge, motive, intent, may sometimes be shown by proof of other or similar acts of the defendant. The real reason of the rule for the exclusion of evidence of other similar criminal acts is that such proof is more likely to cause the jury to convict as Judge Powell stated it in the *Lee* case, "on general principles," instead of the intended effect of such proof. It is too often regarded by the jury as proof of bad character. Unless the proof of other acts illustrates a general scheme or plan, knowledge, motive, or intent, it has always been and still is the rule that it should be excluded. I am unable to see how the proof that the defendant possessed whisky at another time or place has any probative value as to the particular time and place charged in indictment, except to show general bad character as to the possession of whisky. Certainly motive and intent can not be involved, as discussed in the *Farmer* case supra. I would be unwilling to hold that it has any probative value as to the identity of the accused in the present case, or that it shows guilty knowledge. I can see no logical connection between the fact that the defendant formerly lived at a house which has since been torn down, and that 25 gallons of whisky were found buried in the front yard at that house, and his possession of two gallons of whisky in tin cans at another time and place. Neither knowledge, motive, intent, nor a general scheme or purpose is involved. I am fully aware of the tendency of the courts of this and other States to adopt as the rule what was formerly and originally the exception, and make what was formerly the rule the exception. As was said by Sir J. F. Stevens in reference to the rule which excludes evidence of other crimes, "One of the most characteristic and distinctive parts of the English law of evidence, for this is the rule which prevents a man charged with a particular offense from having either to submit to imputations which in many cases would be fatal to him, or else to defend every action of his whole life in order to explain his conduct on the particular occasion." To my mind one of the substantive rights of English-speaking peoples is being taken away by the enlargement of this exception into the rule. I think the evidence should have been excluded.