24767.  SMITH *v.* THE STATE.

</div>

<div align="center">

DECIDED NOVEMBER 13, 1935.

</div>

*Lewis A. Mills,* for plaintiff in error.

*Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* contra.

MACINTYRE, J. 1. There being evidence that the defendant was running a hotel which bore the general reputation of being bad for lewdness, that "the general reputation of the inmates of

the hotel for lewdness is very bad," and that two girls who boarded at the hotel for several days committed acts of fornication therein with the knowledge and consent of the defendant, this court is constrained to hold that the evidence supported the verdict finding the defendant guilty of keeping a lewd house.

2. There is no merit in the first special ground of the motion for new trial. "The trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion. And a lengthy examination by the court of a witness called by either party will not be cause for a new trial, even though some of the questions propounded by the court were leading in character, unless the court, during the examination of the witness by himself, expresses or intimates an opinion on the facts of the case, or as to what has or has not been proved, or the examination takes such course as to become argumentative in character." *Gillis* v. *Bowman,* 132 *Ga.* 762 (64 S. E. 1096). The following decisions support the foregoing ruling: *Bowden* v. *Achor,* 95 *Ga.* 244 (22 S. E. 254); *Harris* v. *State,* 61 *Ga.* 359; *Epps* v. *State,* 19 *Ga.* 102; *Gordon* v. *Irvine,* 105 *Ga.* 144 (31 S. E. 151).

3. There being evidence that the defendant and the bellboy of the hotel she was conducting had conspired to commit the offense for which they were jointly indicted, the testimony of a girl who had admitted committing acts of fornication in the hotel, that the bellboy "asked us if we would fill dates in the hotel," was not objectionable as hearsay evidence; the rule being that "after the fact of the conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." Code of 1933, § 38-306. The judge did not express his opinion that the defendant was guilty, by eliciting from the girl a second statement that the bellboy "asked us if we would fill dates in the hotel." *Gillis* v. *Bowman,* supra.

4. Counsel for the accused having asked Mrs. Moore, a policewoman of the City of Savannah, "You, of course, have taken loose women out of all of these hotels?" and the witness having answered, "I have taken many out of the Florida Hotel, the Suwanee," etc., the further testimony of the witness that the de-

fendant operated the Florida Hotel was admissible to show the defendant's practice and custom of keeping hotels that harbored lewd women (*Green* v. *State*, 35 *Ga. App.* 500, 133 S. E. 877), and was not inadmissible for the reason that it put the defendant's character in issue.

5. Fairly construed, the excerpt from the charge of the court to the jury, complained of in ground 4 substantially comports with the following ruling in *Fitzgerald* v. *State*, 10 *Ga. App.* 70 (5) (72 S. E. 541) : "It is not necessary, in order to make out the offense specified in section 382 of the Penal Code (1910), [Code of 1933, § 26-6102,] that the State should show any particular act of fornication or adultery to have been committed, if the evidence, either directly or circumstantially, is such as to satisfy the jury that the house was kept and maintained as a lewd house; that is, if, notwithstanding lack of proof as to any particular act, the circumstances are such as to satisfy the jury that the practice of fornication and adultery actually went on in the house." The charge was not subject to the criticism that it instructed the jury that "even though the State had failed to prove any particular act of fornication or adultery . . , they would be authorized to convict the defendant purely upon the fact of the reputation of the house or inmates for lewdness with corroborating circumstances," or that "even if they merely *believed* from the reputation of the house and inmates that adultery or fornication was actually practiced, even though it might have been the practice of one isolated act . . , they would be authorized to convict the defendant." The court having previously charged fully on the presumption of innocence, reasonable doubt, and the burden of proof, the charge complained of is not objectionable because it "omitted any instruction to the effect that such evidence should satisfy them beyond a reasonable doubt."

6. "A house may be a 'lewd house,' . . though the house may be devoted chiefly to the carrying on of some other vocation (a boarding-house or hotel, for example), if lewd women are accustomed to frequent there and carry on their practices therein. . . In order to convict an innkeeper of maintaining a lewd house, on the theory that, along with other guests, he allows lewd women to stop at his inn and ply their vocation, it is necessary to show that the innkeeper had knowledge, actual or implied, of the

unlawful practices that were going on. Such knowledge may be shown directly or circumstantially, and, where the accused himself was in personal charge of the inn, one of the methods by which he may be charged with the knowledge is to show that his house had acquired a general reputation in the community of being a place in which fornication and adultery were commonly practiced; the sufficiency of this testimony being for the jury." *Fitzgerald* v. *State,* supra. The following charge comports with the foregoing rulings, does not express an opinion of the court, and is not subject to any assignment of error here presented: "A house may be a lewd house though it is devoted also to other purposes, or chiefly to other purposes; as, if a hotel-keeper allows lewd practices with her knowledge or acquiescence, to carry on the practices of adultery or fornication in her house, she is guilty of this offense, notwithstanding the greater portion of her guests may be decent people, and notwithstanding the greater portion of the business carried on in the house may be a legitimate business."

7. The following charge of the court comports with the rulings in *Fitzgerald* v. *State,* supra, and is not subject to any assignment of error set out in ground 6: "In order to convict a hotel-keeper for the offense of maintaining it for a lewd house, it is necessary for the State to show, directly or circumstantially, that she knew of the lewd practices going on therein, provided you find such practices were going on, or, if she did not positively know of them, that she was in possession of such facts as to charge her with what is commonly known as constructive knowledge. She can not shut her eyes to what is going on around her, for the purpose of avoiding knowledge, and then defend on the ground of her lack of knowledge. In determining whether the defendant knew of these alleged unlawful practices, you may consider whether this hotel had the reputation of being a lewd house; whether the defendant personally conducted it; whether or not there were transactions between men and women which occurred in the presence of the accused, and whether they were of such nature as ought to have informed any reasonable person that the house or hotel was being used for the purpose of adultery or fornication."

8. In ground 7 error is assigned on the following charge, for the reason that the defendant did *not* put her character in issue: "Now, gentlemen of the jury, the defendant has substantially put

her character in evidence, by saying that she has been running a respectable place. I charge you that the jury have the right to consider evidence of good character, not merely when the jury think the defendant's guilt is doubtful under the other testimony in the case, but such testimony of good character may of itself, or in connection with other testimony in the case, generate a doubt." Granting that the defendant did not put her general character in evidence by "saying that she has been running a respectable place," the State made no attack on her general character, and the principal effect of the charge (if it had any effect under the evidence, which was very strong against the defendant), was that it gave the jury the opportunity to acquit the defendant because of her good character. It appearing that the charge was beneficial rather than harmful to the defendant, the ground discloses no cause for reversal.

9. In the eighth and last special ground error is alleged because the court instructed the jury as follows: "If you believe the defendant guilty, the form of your verdict should be: 'We, the jury, find the defendant . . guilty on the first count;' and, as I have already charged you, not guilty on the second count. If you believe the defendant not guilty, the form of your verdict would be: 'We, the jury, find the defendant not guilty on the first count, and not guilty on the second count.'" The charge was not erroneous for the alleged reasons that the use of the word "believed," without more, authorized the jury to consider matters outside the evidence or the defendant's statement, or because the word "believed" was not followed and qualified by the phrase "beyond a reasonable doubt."

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*