29907.   THRASHER *v.* THE STATE.

DECIDED FEBRUARY 9, 1943.

*Russell G. Turner,* for plaintiff in error. *Bond Almand, solicitor, Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

MacIntyre, J. 1. The evidence that the two telephones were listed in fictitious names, the transaction with the landlord, the natural-gas company, the electric light company, the rent receipts, the telephone bills, the natural-gas bills, the electric-light bills, and the receipts which tended to show that the place was not a legitimate place of business and was carried on in the names of unknown persons, the lottery tickets which were taken from the fire, the memorandum book found on the table, which the defendant indicated was his book and which he would like to have back, were all testimony which was competent as bearing on the issue of whether any of the several acts entering into the conduct of the lottery business were being carried on in the room, and were thus relevant to prove all the circumstances at the time of the alleged criminal act, including the condition, movements, and conduct of the defendant at the time of the alleged criminal act or immediately thereafter, and, as disclosed by the testimony, were circumstances of such character as, when taken in connection with other circumstances according to the common course of events, tended to establish the truth of the matter in issue.

2. It has been held that "Where inculpatory statements were made by a brother of the defendant in his presence and under cir-

cumstances which would warrant the inference that he heard them but did not deny them, they were admissible in evidence, the question whether they were so heard being left to the jury under proper instructions." *Smith* v. *State,* 148 *Ga.* 332 (96 S. E. 632) ; *Holt* v. *State,* 28 *Ga. App.* 758 (113 S. E. 49) ; *Thurman* v. *State,* 14 *Ga. App.* 543 (3) (81 S. E. 796) ; Code § 38-409. Thus, in the instant case, it was a question for the jury whether the defendant feigned the heart attack, and whether he heard the statement of the officer at the foot of the bed upon which he was lying, and whether his failure to deny it amounted to an admission.

3. The evidence was circumstantial, and in order to rebut a defense based on the defendant's statement to the jury, which was open to the defendant, that even if any of the several acts entering into the conduct of the lottery business were being done in the room in question yet the defendant had no knowledge of it, the State could introduce other transactions of a similar character which tended to show the true nature of the transaction in question and support the State's claim that the defendant knew the lottery was being carried on in the room in question. In short, the other transactions even though they be punishable under the law as crimes were relevant or permissible to show guilty knowledge or scienter. Hence, the plea of guilty of participating in the operation of a lottery as charged in the accusation in a former case was competent evidence. The former transaction tended to illustrate, characterize, and explain defendant's act in the instant case, which act was capable of more than one construction. Under one construction the act would be innocent, and under the other construction it would not be innocent. *Lewis* v. *State, 57 Ga. App.* 340 (2) (195 S. E. 285) ; *Fitzgerald* v. *State, 51 Ga. App.* 636, 637 (181 S. E. 186).

4. If the defendant here was guilty at all he was guilty as a principal in the first degree, because in misdemeanors there are no such things as principals in the second degree or accessories. *Lewis* v. *State, 33 Ga.* 131, 134. Thus, the defendant could be convicted on proof that he, directly and personally, did any of the several acts entering into the conduct of such lottery business, a misdemeanor, or that he procured, counseled, commanded, aided, or abetted the criminal transaction of another who was the direct and immediate actor. *Thomas* v. *State, 65 Ga. App.* 749 (16 S.

E. 2d, 447). Hence, when we take into consideration all the facts and circumstances in this case, including the previous transaction in which the defendant had operated or participated in the operation of a like plan or scheme known as the "number game," we think the jury was authorized to find that the defendant had participated in some of the several acts entering into the conduct of such lottery business (*Morrow* v. *State*, 62 *Ga. App.* 718, 9 S. E. 2d, 699), and find him guilty as charged.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*