31335. FRANKS *v.* THE STATE.

DECIDED OCTOBER 17, 1946.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.

*E. E. Andrews, Solicitor-General, J. R. Parham, Durwood T. Pye,* contra.

MACINTYRE, J.   Cecil Franks excepts to the judgment of Fulton Superior Court overruling his motion for a new trial on the general grounds and one special ground, after a conviction upon a sep-

arate trial under an indictment charging him and Jesse Kilgore with the felony of possessing burglary tools with the intent to employ them in committing burglary and larceny and with the intent to allow the same to be so used, and well knowing the same would be so used.

■ The date of the charge in the indictment in the instant case is December 31, 1945. The State introduced an indictment which charged the defendant, Cecil Franks, and another person named Malone with highway robbery and larceny, committed on November 13, 1936, to which Franks pleaded guilty on February 9, 1937, and was sentenced to 10 years in the penitentiary. Thus, unless the defendant had been pardoned or otherwise legally relieved of such sentence, it would not have been fully served at the time of the commission of the crime here charged. Another indictment was introduced charging C. L. Franks and Jesse Kilgore with larceny and receiving stolen goods on May 1, 1934, for which they were each convicted and sentenced on September 20, 1934, and for which crime the defendant and his codefendant in that case, who was likewise his codefendant in the present case, were sentenced to 15 months in the penitentiary. The defendant objected to the introduction of this evidence on the grounds that it showed crimes not of a kindred nature; that it was too remote and there was no logical connection between those indictments and the crime for which he is now on trial; and that they were prejudicial and placed the defendant's character in issue before the defendant placed it in issue. It might be noted that the gist of the crime for which the defendant was here on trial was the intent with which he possessed the alleged burglary tools. The two indictments introduced in evidence indicate that there was a verdict and sentence on September 20, 1934, on the oldest indictment against the defendant and Jesse Kilgore, for which they were given 15 months in the penitentiary. Relative to the second indictment introduced in evidence, the defendant pleaded guilty and was sentenced on February 9, 1937, to 10 years in the penitentiary for a crime alleged to have been committed on November 13, 1936. Thus, so far as the record shows, the defendant, after the verdict of guilty and sentence on the oldest indictment had expired, was again, in less than a year, indicted for highway robbery, to which indictment he pleaded guilty on February 9, 1937. Thus, the second sentence

had not been satisfied at the time of the commission of the present crime, unless the defendant had been pardoned or legally relieved from the same. There was also introduced in evidence a document which, as to words and figures, is as follows:

"South Carolina Penitentiary
Columbia, S. C.

Nov. 6, 1945.

Jesse Kilgore. The Governor has granted you a leave of absence during good behavior which is now in effect and which expires Friday, Nov. 16, 1945, at 6 o'clock p. m., unless revoked.

James Wilson, Superintendent,

By C. W. Moorman, Sergeant."

This paper was found in the possession of the defendant at the time of the arrest in the present case. We can not hold, as a matter of law, that the former transactions were too remote to shed any light on the transaction now in question. Such former transactions tend to show a long acquaintanceship between the defendant and his codefendant in the present case, which was brought down to date by the defendant's possession of Kilgore's leave of absence from the penitentiary, by his admission that Kilgore was a good "safe cracker," and their joint action in possessing the burglary tools for which they were jointly indicted in the present case and of which offense the defendant was convicted. These indictments charging the defendant with the crimes stated therein, with the verdict of guilty in the one and plea of guilty in the other, and the sentences therein, were competent evidence of other transactions of a similar character which tended to show the true nature of the transactions in question, and to support the State's claim that the defendant possessed the burglary tools with the intent to employ them in burglary and larceny. These former transactions tended to illustrate, characterize, and explain the defendant's act in the instant case, which act was capable of more than one construction. Under one construction the act of possessing the tools would be innocent, under another construction it would be guilty, depending upon the intent with which he possessed the tools. *Thrasher* v. *State,* 68 *Ga. App.* 820, 823 (24 S. E. 2d, 222). Therefore we do not think that this special ground is meritorious.

The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*