32319. McBRAYER *v.* THE STATE.

DECIDED APRIL 21, 1949.

*C. V. Driver, D. B. Howe*, for plaintiff in error.

*Hal C. Hutchens, Solicitor-General, William Foster*, contra.

GARDNER, J. 1. The defendant was convicted of possessing non-tax-paid liquor—whisky. The defendant introduced no testimony, but made a statement. His amended motion for a new trial was overruled. To this judgment he assigns error. We think that the case should be reversed on the two special grounds, and will not discuss the general grounds. The State's evidence tended to show that the non-tax-paid whisky was found in the dwelling house and on the premises of the defendant. Over his objections, duly made, the State was permitted to show by two witnesses that the house and premises of the defendant had a bad reputation in the community with reference to "bootlegging liquor." After the evidence was admitted, over objections, counsel for the defendant asked for a mistrial, and further urged that the testimony was irrevelant and immaterial, and served no purpose except to prejudice the jury and to inject the character of the defendant into the case. The defendant had not put his character in issue. We think that the admission of this testimony was illegal and requires a reversal of the case. The State cites and relies upon, to sustain its position in introducing this evidence, the case of *Harper* v. *State*, 41 *Ga. App.* 331 (153 S. E. 84). We do not think that case, under its facts, is authority for admitting the evidence objected to in the instant case. It will be noted that Harper did not live at the house in question in that case. Here, the house and premises involved were the dwelling house and the premises surrounding it of·the defendant.

2. This case went to the court as a whole for decision. In conference on the case the court discussed and considered *Lee* v. *State*, 8 *Ga. App.* 413, 418 (69 S. E. 310). The question there involved concerned distinct and separate acts of the accused in violation of the act regulating narcotic drugs. It was held permissible to show that the defendant therein repeatedly violated this act in prescribing or administering narcotic drugs. The facts of that case do not touch the issue here involved. Therefore it is not in point. Also, the cases of *Fitzgerald* v.

*State,* 10 *Ga. App.* 70 (72 S. E. 541), and *Smith* v. *State,* 52 *Ga. App.* 88, 91 (182 S. E. 816), were considered. We mention these two cases together because they involved the question of lewd house under the Code, § 26-6102. The facts of those cases shed no light at all, as we see it, on the issue before us. Also, *Phillips* v. *State,* 51 *Ga. App.* 675 (181 S. E. 233), was discussed. A perusal of the facts in that case shows that it is not in point and does not illustrate in any way the issue we are now considering. The facts in *Thrasher* v. *State,* 68 *Ga. App.* 820 (24 S. E. 2d, 222), as we view the case, shed no light upon the issue before us. Also, in *Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156), the question involved was whether search of the house of the accused on a day subsequent to that on which the accused was charged with the sales of liquor, and when liquor was found there, was admissible as a circumstance against the defendant. These were specific, similar acts and do not illustrate at all, as we view the case, the issue now under consideration. We might add also here that in the case of *Garrett* v. *State,* 75 *Ga. App.* 577 (1) (44 S. E. 2d, 153), this court said: "The term 'bootlegger' denotes one who engages in the illegal sale or handling of intoxicating liquor in territory where its sale is prohibited, and is not restricted to one who peddles liquor." Under this definition of bootlegger, one whose dwelling house has the general bad reputation for "bootlegging liquor," to our way of thinking, puts his general reputation in issue for being a bootlegger. It must be kept in mind that there is no such crime under Chapter 26-61 as maintaining or keeping a bootlegging house; there is for keeping a lewd house and for keeping a disorderly house. To maintain a disorderly house under the Code, § 26-6103, requires more than the control and possession of intoxicating and prohibited liquors on which the revenue stamps had not been affixed, as charged in the indictment in the instant case. See the citations under this Code (Ann.) section. See, in this connection, *Cason* v. *State,* 60 *Ga. App.* 626 (2) (4 S. E. 2d, 713); *Fanning* v. *State,* 17 *Ga. App.* 316 (2) (86 S. E. 731). Therefore it follows, we think, clearly, logically, and legally, that the court committed reversible error in admitting, over objections of the defendant, evidence that the general reputation in the community of the de-

fendant's dwelling house was bad for "bootlegging liquor." It, in effect, put his general reputation for being a bootlegger in issue, when the defendant has not done so. Of course, similar and separate acts, as an exception to the general rule, are sometimes in a proper case admissible, even though they do involve the reputation of the defendant.

The judgment of the trial court overruling the motion for a new trial is

*Reversed. Sutton, C. J., and Townsend, J., concur. Felton, J., concurs specially. MacIntyre, P. J., and Parker, J., dissent.*

FELTON, J., concurring specially. I concur in the judgment for the additional reason that the testimony in question has no probative value on the question whether the defendant was guilty as charged. The testimony objected to was consistent with the theory that one or both of the defendant's boys might have caused the house to have the bad reputation.

MacINTYRE, P. J., dissenting. " 'In this State the husband is recognized by law as the head of his family, and, . . the legal presumption is that the house and all the household effects, including any intoxicating liquors, belong to the husband as the head of the family.' " *Isom v. State, 32 Ga. App.* 75 (122 S. E. 722). Here the defendant seeks to set up a defense that he did not know that the prohibited liquors were in his house and on his premises where he himself lived, .and sought to rebut the presumption that he was knowingly in possession of the prohibited liquors. The defendant made *absence of knowledge* an issue in the case. The State, therefore, should be allowed to introduce any evidence relevant to any essential element which is an issue in the trial. It is no objection that the evidence is inadmissible on other issues in the case. The controlling question is, is the evidence relevant for any purpose? Does it tend to prove any fact material to such issue of knowledge? If the evidence is admissible on this ground, it is no objection to its admission that it discloses other offenses, even though they involve moral turpitude, which is one of the ways of impeaching a witness. *Phillips v. State, 51 Ga. App.* 675, 678 (181 S. E. 233). If it is relevant to prove one such issue—that is, for one reason, and is inadmissible on other issues—that is, for other

reasons, it should be admitted and be restricted to the one issue upon which it is relevant. When the judge, *upon a proper request*, fails so to restrict it, he does so at his peril.

In the. instant case, the State should be allowed to show that the house in question bears the reputation in the community as a bootlegging house, on the theory that this was the defendant's house in which he was living as a member of the community, and that a person living in a community would hardly be ignorant of a condition which relates to his own affairs and which has become so public and notorious as to be a matter of common information. It is possible, though hardly probable, that such a course of conduct could habitually take place in a house in which a person is living as to call the attention of the community to its bootlegging character and so as to make it a matter of general reputation in the community without that person knowing something of its conduct. A person may not shut his eyes to what is going on around him for the purpose of avoiding knowledge and then defend upon the ground of his lack of knowledge. *Harper* v. *State*, 41 *Ga. App.* 331 (153 S. E. 84); *Fitzgerald* v. *State*, 10 *Ga. App.* 70 (72 S. E. 541); *Smith* v. *State*, 52 *Ga. App.* 88, 91 (182 S. E. 816). This evidence as to the house having a general reputation as a bootlegging house was not admissible to prove the actual having, possessing, and controlling of the prohibited liquors—the corpus delicti—but is admissible on the essential element of guilty knowledge on the part of the defendant that the prohibited liquors were being kept in the house of the defendant where he and his two sons lived. *Phillips* v. *State*, 51 *Ga. App.* 675, 678, supra. If the defendant was guilty at all, he was guilty as a principal in the first degree, because in misdemeanors there are no such things as principals in the second degree or accessories. Thus the defendant can be convicted on proof that he directly and personally did any of the several acts alleged in the indictment for the misdemeanor, or that he procured, counseled, commanded, aided, or abetted the criminal transaction of either of his sons or of any other person or persons who were the direct or immediate actor or actors. *Thrasher* v. *State*, 68 *Ga. App.* 820 (24 S. E. 2d, 222). Thus, in the instant case, the evidence in question was relevant for the

purpose of showing knowledge, and, *upon a proper request,* the evidence could have been expressly restricted to that purpose and excluded for all other purposes, including, of course, that of putting the defendant's character in issue.

I am authorized to say that PARKER, J., concurs in this dissent.