71227. MEAUX v. THE STATE.
(335 SE2d 741)

McMURRAY, Presiding Judge.

Via a two-count indictment, defendant was charged with violations of the Georgia Controlled Substances Act (selling marijuana to an undercover agent) on July 20, 1984 (Count 1), and again on August 24, 1984 (Count 2). Following a jury trial, defendant was convicted upon Count 1 of the indictment. However, the jury was unable to reach a verdict upon Count 2 of the indictment. Accordingly, the State "nolle prossed" the second count. Following the imposition of a ten-year sentence (three years to serve), defendant appealed. *Held*:

1. Relying upon *McBrayer v. State*, 79 Ga. App. 132, 133 (1) (53 SE2d 216), defendant contends the trial court erred in permitting the undercover agent to respond to a question upon cross-examination by stating that persons frequenting the Sundown Lounge (where defendant allegedly sold the agent the marijuana) are "there for two things, either the older set are playing checkers or they're selling some drugs." In *McBrayer*, the State was permitted to show over objection that the house and premises of the defendant had a bad reputation with regard to "bootlegging liquor." This court reversed because defendant dwelled in the house. In so doing, however, it distinguished the facts of *McBrayer* from those of *Harper v. State*, 41 Ga. App. 331 (153 SE 84). In *Harper*, the admission of evidence concerning the reputation of a certain house did not constitute error because the defendant was merely "found" in the house. He was not the owner of the house and he did not dwell in the house. Consequently, the reputation of the defendant was not put in issue by the State.

In the case sub judice, it cannot be said that the testimony concerning the reputation of the Sundown Lounge placed the defendant's character in issue. Defendant neither dwelled in the Sundown Lounge nor owned it. He was merely found at the lounge at the time of the sale. Accordingly, it was not error to permit the undercover agent to

testify concerning the reputation of the Sundown Lounge. *Harper v. State*, supra.

2. Defendant contends the trial court erred by prohibiting his counsel from arguing that a police officer should arrest a person who commits a crime in his presence within a reasonable time. We disagree. "The determination of the trial judge in regards to the range of comment which is proper in a case is in the discretion of the trial judge, and unless it can be shown that such discretion has manifestly been abused and some positive injury done, we will not interfere. [Cits.]" *Sanders v. State*, 156 Ga. App. 44 (2) (274 SE2d 88). Accord *Inman v. State*, 72 Ga. 269 (3). We cannot say the trial court manifestly abused its discretion by prohibiting the argument in question. Nor can we say that defendant was positively injured by the prohibition. The police do not necessarily act improperly when they refrain from arresting an individual immediately. See *Glenn v. State*, 144 Ga. App. 557 (241 SE2d 447).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 4, 1985.

Carl J. Wilson, Jr., for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.