## A92A2326. DUNN v. THE STATE.
(430 SE2d 50)

POPE, Chief Judge.

Defendant Sylvester Dunn appeals his conviction and sentence for violation of the Georgia Controlled Substances Act for the sale of cocaine.

1. In his first enumeration of error, defendant argues the trial court erred in admitting into evidence the cocaine which defendant was charged with selling to an undercover agent. Defendant was tried jointly with co-defendant Tommy W. Welch. Just as in the appeal of the co-defendant's conviction, we conclude the State proved an adequate chain of custody for admission of the evidence. See *Welch v. State*, 207 Ga. App. 27, 28 (4) (427 SE2d 22) (1992). We reject defendant's argument that the evidence failed to establish the substance in the exhibit was the substance purchased from defendant.

2. For the reasons set forth in Division 5 of *Welch v. State*, we reject defendant's argument that reversible error was created by the prosecutor's statement, during the opening statement to the jury, that one of the other co-defendants had pled guilty.

3. Defendant also argues the trial court erred in failing to declare a mistrial or failing to instruct the jury to disregard a statement made by one of the arresting officers. The officer testified that one of the two locations involved in the undercover operation which led to defendant's arrest was the residence of defendant Dunn. When asked how the locations were known to him, the officer responded they were known as crack houses. After this testimony, in the course of questioning witnesses, the prosecutor twice referred to the house as a crack house. We agree with defendant that such testimony and the subsequent references were objectionable on the ground that they improperly placed defendant's character in evidence. See *McBrayer v. State*, 79 Ga. App. 132 (1) (53 SE2d 216) (1949) (in which, in a case involving prosecution for possession of illegal liquor, we ruled the trial court erred in denying defendant's motion for mistrial upon the admission of testimony that defendant's house had a reputation in the community as a source of bootleg liquor). Compare *Meaux v. State*, 176 Ga. App. 345 (1) (335 SE2d 741) (1985) (in which we held it was not error to permit the undercover officer to testify concerning the reputation of a lounge where defendant was found but did not dwell in or own). In this case, however, defendant raised no objection to the testimony. " 'Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. (Cit.)' [Cit.]" *Hight*

*v. State,* 195 Ga. App. 727, 730 (394 SE2d 636) (1990). We are not persuaded by defendant's argument that the trial court had an affirmative duty to declare a mistrial or issue corrective instructions despite defendant's failure to raise an objection.

4. We agree, however, that the life sentence imposed on defendant must be reversed. The record shows the State sought a life sentence pursuant to OCGA § 16-13-30 (d) because defendant had been convicted of two previous offenses of selling cocaine. The State concedes, however, that the previous convictions were not final at the time the sentence was imposed in the case at hand because the previous convictions were on appeal. When previous convictions are relied upon as the ground for imposing enhanced punishment, the convictions must be final. See *Croker v. Smith,* 225 Ga. 529 (4) (169 SE2d 787) (1969) and *Mitchell v. State,* 202 Ga. App. 100 (2) (413 SE2d 517) (1991) (applying the stated rule to sentencing for repeat offenders pursuant to OCGA § 17-10-7). This rule also applies to enhanced punishment pursuant to OCGA § 16-13-30 (d).

*Judgment affirmed in part and reversed in part. Carley, P. J., and Johnson, J., concur.*

DECIDED MARCH 8, 1993 —
RECONSIDERATION DISMISSED MARCH 29, 1993.

*Shurling & Miller, Judith E. Shurling,* for appellant.
*William A. Foster III, District Attorney, Thomas V. Driggers, James E. Barker, Assistant District Attorneys,* for appellee.