## 2858.    LEE *v.* THE STATE.

1. While the general rule is that proof of other crimes committed by the defendant is not admissible in a criminal prosecution, still the general rule has many general exceptions.

2. Proof of other crimes is never admissible (except in cases where the defendant has himself put his character in issue) where its chief or only probative value consists in showing that the defendant is, by reason of his bad character (demonstrated through a criminal career), more likely to have committed the crime than he otherwise would' have been.    To admit such evidence, it must have relevancy and probative value from some other point of view.

3. Where knowledge, motive, intent, good or bad faith, and other matters dependent upon a person's state of mind, are involved as a material element in a particular criminal offense for which a defendant is on ' trial, and the defendant has engaged in a course of conduct or done other acts at or about the same time the act in question was committed, and these other transactions are such as to illustrate the state of the defendant's mind on the subject involved, proof of them may be received, though one or more of the separate acts of which this collateral conduct consists may be criminal.

4. Where a practicing physician is charged with having prescribed cocaine for an habitual user of the drug, not in good faith believing it to be necessary for the proper treatment of the case, but in evasion of the act of August 22, 1907 (Ga. Laws 1907, p. 121), the prosecution may, in order to prove his state of mind at the time of the particular transaction charged' in the indictment, show that during the same general period of time the defendant made a common practice of furnishing such prescriptions to other persons for whose treatment the drug was not deemed necessary, and that he furnished' the prescriptions in such numbers and in such a way as to negative his good faith.

5. Though the defendant may have been tried for violating the law as to one or more of these transactions with other patients, and acquitted, the State may, nevertheless, prove the facts connected with them, for the purpose of illustrating the defendant's state of mind as to the transaction at bar.

DECIDED NOVEMBER 11, 1910.

Indictment for misdemeanor; from Chatham superior court—Judge Charlton. July 9, 1910.

*Twiggs & Gazan,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

POWELL, J. Dr. Lee was convicted of violating the act of August 22, 1907 (Ga. Laws 1907, p. 121) regulating the sale of narcotic drugs. It was charged that he, being a practitioner of medicine, had prescribed cocaine for Frances Townsend, an habitual user of the drug, not in good faith and not as a substance deemed necessary for the treatment of her (Frances Townsend) as a patient under his professional care, but had prescribed it for her in evasion of the act above cited. It is to be kept in mind that under the terms of the statute, druggists can not sell the drugs named therein, including cocaine, except upon specific prescriptions, conforming to a prescribed form, issued by lawfully authorized practitioners. It is also made unlawful for any practitioner of medicine to prescribe the drugs for any habitual user, subject to the exception that an authorized practitioner may in good faith prescribe for an habitual user who is under his professional care such of these drugs as he may deem necessary for the treatment of the patient; but the giving of prescriptions in evasion of the provisions of the statute is made criminal.

At the trial it was shown that Dr. Lee had prescribed cocaine for Frances Townsend and that she was an habitual user of the drug. It was shown that she came to his office and asked for a prescription for cocaine. He inquired if she was an habitual user. She replied in the affirmative. He gave her the prescription, and she paid him twenty-five cents. After that she got several other prescriptions from him. In other words, there was direct proof as to all the elements of the case except as to whether the defendant gave Frances Townsend the prescriptions in good faith, deeming the drug necessary for her treatment, or whether he was using his professional capacity and the issuance of the prescriptions as a device to evade the statute.

After proving the circumstances surrounding the giving of the prescriptions to Frances Townsend, the State showed that during the same general period the defendant had issued a large number of prescriptions for cocaine and morphine. There was testimony of witnesses that they would go to Dr. Lee and ask him for a prescription, and that without making any examination of them he would write out a prescription for cocaine and charge them twenty-five cents for it. One of the witnesses who testified to receiving several such prescriptions from him was a woman, Jennie Reise; and the defendant, it appears, had been acquitted on an indictment charging the illegal giving of prescriptions to her.

From time to time, as this evidence showing the giving of prescriptions to other persons was being offered, the defendant entered his objections, and the overruling of these objections constitutes the grounds of the various assignments of error in the record. It will not be necessary to recite these exceptions in detail, as what is about to be said will cover them in a general way.

Counsel for the plaintiff in error, in their very fair and able brief and argument, concede that to the general rule, excluding evidence of the defendant's having committed crimes other than that for which he is being tried at the time, there are certain well-recognized exceptions, and that one of these exceptions ordinarily exists where it is necessary to show motive or intent. They say, however, that such evidence is admissible only in rebuttal, if the defendant seeks to show his good faith; that the evidence as to the other transactions is admitted only from necessity and where other methods of proof are unattainable, and that the nature of the present case does not take it out of the general rule. They further insist that it is absolutely essential, before the collateral evidence can be received, that it be such as to show the defendant's guilt of the alleged independent crime; and that, at least as to the matters testified to by Jennie Reise, the State could not show this, because the defendant had been acquitted upon an indictment accusing him of violating the law in respect to these very transactions with Jennie Reise.

The courts, in working out general rules of evidence, can not proceed solely along the lines of strict logic and consistency. While such a modicum of generality, of harmony and of logical consist-

ency as is necessary to develop a line of analogies and to maintain reasonable uniformity is an essential element of any rational system of rules of evidence, still the dictates of that justice which the rules are designed to promote compel the making of exceptions, even in violation of analogies which the strict rules of logic would indicate. Expediency and what may be called a practical policy of administrative justice must not be overlooked. Hence, there are instances where evidence, though relevant and of inherent probative value, and though logically admissible under general principles, should be excluded from the consideration of the jury, because of the fact that its presence in the case may so operate upon the minds of the jurors as to blind them rather than enlighten them as to the juridic truth of the transaction directly under investigation. Logically speaking, the jurors should not misuse evidence submitted to them for a special purpose only, but, practically speaking, there are many cases in which the weight of the probability is that they will do so. In framing rules of evidence, it is the duty of the courts, and it may be said in a general way that it is the custom of the courts, to shape the rules of evidence with this probability of the jury's misuse of the testimony in view.

Now, to prove in a criminal case that the defendant is a person of criminal bent of mind is not without probative value on the issue as to whether he committed the particular crime involved; for criminals are more likely to commit new crimes than are persons free from the taint of previous criminality. To prove that the defendant had committed other offenses would naturally cause the jury more readily to believe that the defendant committed the particular offense in question; and this from a logical standpoint would not be a misuse of the testimony. The real misuse is likely to come about by reason of the jury's becoming so prejudiced against the defendant personally on account of these other crimes that they could not fairly weigh the testimony against him in the particular case—that is, by reason of the danger of the jury's convicting the defendant "on general principles," as the common saying is, instead of determining his guilt of the specific offense for which he stands charged. This likelihood of the misuse of the testimony, this danger of arousing the prejudices of the jury, requires the courts to be very careful in allowing proof of

other crimes, and affords the chief reason underlying the general rule mentioned above, that such evidence is not ordinarily admissible.

Whether an exception shall be declared is a question depending usually upon a weighing of the opposing considerations of expediency and of juridic policy. If the other crimes are so distinct from the one alleged in the case before the court that the relevancy of the proof is slight or its probative value small toward the establishment of guilt in the particular instance, and the element of the case which they illustrate is susceptible of easy proof by other methods less likely to be attended with misuse by the jury or with other judicial disadvantages, no exception should be allowed; and in such cases it is the practice of the courts not to admit the testimony. But there are cases where the other offenses are so closely interwoven with the facts of the case on trial, or are so strongly illustrative of some feature of the case, as to outbalance the general expediency of excluding the testimony as to them; and in such cases the courts generally deem it good policy to allow the exception and to admit the testimony.

Intent, good faith, motive, and other such matters relating to the state of a person's mind are usually not easily susceptible of direct proof. But frequently the state of mind accompanying the doing of an act is illustrated by other acts of a similar nature done by the defendant in such a way as to indicate a general practice or course of conduct, or as to display motive, knowledge, intent, good faith, bad faith, and a variety of other such things. The relevancy being patent, and other methods of proof being difficult or inadequate, the weight of expediency is in favor of admitting the proof of these other acts, though they themselves constitute crimes. It is not the fact of their being crimes or of their showing the defendant's bad character that furnishes the probative value essential to their admission in evidence. It is their distinct relevancy to the particular case on trial and the special need for the testimony which justify the admission of the evidence.

Approaching now the case at bar with these general principles in view, we find the court trying the defendant on a charge involving the necessity of the State's proving that at the time the defendant prescribed cocaine for Frances Townsend, he did so not in good faith and because he deemed the prescribing of the drug

necessary to her treatment, but because his state of mind was such that he was willing to furnish the prescription in order to aid her to get the drug in evasion of the law. The defendant's beliefs, his motives, his state of mind were matters primarily resting in his own breast. There was no direct way for the State to prove this feature of the case. The defendant's plea of not guilty denied that his state of mind was that charged in the indictment. To leave the decision of this all-controlling question resting on the proof of the individual transaction alone would have been to leave it doubtful. But the defendant at the time of this transaction was engaging in a course of practice which strongly illustrated his state of mind in the particular instance. He was daily issuing a large number of these prescriptions, indiscriminately and apparently to all comers. This course of practice, it is true, was made up of a number of separate acts which in themselves were crimes. But the acts had relevancy to the issue on trial, and strong probative value, not so much because they showed that the defendant was a frequent or habitual lawbreaker, but because they tended to show what state of mind the defendant had in him at the time he did the act under inquiry in the case at bar. Hence, the trial court was not in error in holding that this testimony fell within the exception to the general rule, and in allowing the jury to consider it. It was admissible as a part of the State's case in chief, because the defendant's plea of not guilty had put the state of his mind directly in issue; and it would also have been admissible in rebuttal.

Now, as to the transactions with Jennie Reise for which the defendant had been indicted and found not guilty. We must repeat that the relevancy of the proof of these other transactions does not arise from the fact that they were criminal, but from the fact of their having happened. The fact that the jury trying the case in which they were under investigation decided that there was not enough proved in that case to show beyond a reasonable doubt that the defendant acted criminally in that transaction, according to the manner and form in which he was then indicted, does not rob the facts attendant on that transaction of their inherent probative value. As is stated in Underhill's Criminal Evidence (§ 423), the fact of acquittal as to the other crimes does not exclude the right to prove them when the testimony is otherwise relevant. "The

acquittal merely exempts him [the defendant] from punishment and from another prosecution. It does not necessarily show that he was innocent."

This does not conflict with the statement relied on by counsel for the plaintiff in error and quoted from the decision in *Cawthon* v. *State,* 119 *Ga.* 395, 409 (46 S. E. 897, 901), that "in order to justify the admission of evidence relating to an independent crime committed by the accused, it is absolutely essential that there should be evidence establishing the fact that the independent crime was committed by the accused, and satisfactorily connecting that crime with the offense for which the accused is indicted." The language related to the peculiar facts of the case then before the court and was an application of the old doctrine of the law of circumstantial evidence (a doctrine, however, of limited applicability, and, indeed, of doubtful soundness, as it is generally stated), that "an inference can not be supported by an inference" (cf. *Ga. Ry. & Elec. Co.* v. *Harris,* 1 *Ga. App.* 714, 719, 57 S. E. 1076, 1078), rather than the announcement of a general rule on the subject now under discussion.

*Judgment affirmed.*