## 30142. FOSTER *v.* THE STATE.

DECIDED SEPTEMBER 15, 1943.  REHEARING DENIED DECEMBER 13, 1943.

306

*Frank A. Doughman,* for plaintiff in error.

*Lindley W. Camp,* solicitor, *John A. Boykin,* solicitor-general, *Durwood T. Pye,* .contra.

MACINTYRE, J. ■ The accusation charged that the defendant "did sell as a retail dealer distilled spirits and alcohol without first obtaining a license from the State Revenue Commissioner." The Code, § 27-2303, provides: "Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt." The defendant was found guilty of an attempt to commit the offense charged in the accusation. The pleading and the evidence authorized the verdict.

■ The State introduced two former accusations on which the

defendant was found guilty: (1) For controlling spirituous and alcoholic liquors, and (2) for selling distilled spirits and alcohol as a retail dealer without paying the State license tax. Each accusation alleged an offense on a different date. The defendant, in his statement to the jury, contended that he had this rather large amount of liquor for his own use and not for the purpose of selling it at retail, thus setting up that his act was an innocent one. We think that the evidence of the other transactions, even though the law denominates them as crimes, was admissible to rebut a possible inference of his innocent intention, or to rebut his defense based upon his statement, which sought to explain that his act of possessing distilled spirits and alcohol was an innocent act. We might add that these previous transactions tended to illustrate, characterize, and rebut the explanation of the defendant as to his acts on the day charged in the present accusation. Where the acts of the defendant are capable of more than one construction, his former acts, as disclosed by the other accusations introduced in evidence, were relevant for the jury to consider in determining whether his act on the day in question was, or was not, an innocent one. The other transactions tended to illustrate, characterize, and explain the defendant's act, which was capable of more than one construction. Thus the court did not err in permitting this evidence to be introduced for that purpose. *Lewis* v. *State,* 57 *Ga. App.* 340 (195 S. E. 285); *Phillips* v. *State,* 51 *Ga. App.* 678 (181 S. E. 233); Sykes *v.* State, 112 Tenn. 572 (82 S. W. 185, 105 Am. St. R. 972, 997). Of course evidence of other distinct crimes is not admissible to raise an inference of guilt of the crime on trial, and the jury are forbidden, although they have evidence of other criminal transactions which were allowed for the purposes above indicated, to convict the defendant upon "general principles as that expression is sometimes used in general parlance." *Harrison* v. *State,* 60 *Ga. App.* 610, 614 (4 S. E. 2d, 602).

■ The rulings announced in headnotes 3 and 4 require no elaboration.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*