## 30782. VANN *v.* THE STATE.

DECIDED APRIL 6, 1945.

*M. G. Hicks,* for plaintiff in error.
*Henderson Lanham, solicitor-general, Chastine Parker,* contra.

GARDNER, J. ██ Five or six officers surrounded a distillery about 3 o'clock p. m. Some of them observed the conduct of the defendant for about twenty minutes. He was seen approaching the still from the direction where "the fellow was cutting wood." When he got to the still he threw down a pole of wood close to the fire box and walked around above the still. The pole of wood which he carried was the same length and kind as were those being used to fire the still. One of the negroes there was also "toting" wood to the still. "Mr. Vann saw us," said the officer, "and hollered: 'Here they come, boys.' . . All of them ran, including Will Vann." There were five or six hundred gallons being distilled. Located around and about the still the officers found one ten-gallon keg filled with whisky, two ten-gallon cans and another keg with two or three gallons of whisky in it. Thus it will be seen that the evidence amply supports the verdict. The assignments of error on the general grounds are without merit.

██ In addition to the general grounds there is a special ground which complains of the introduction in evidence of the record of a case wherein Will Vann pleaded guilty to the commission of an offense similar to that for which he was being tried. The indictment on which he was convicted in the instant case pleaded the former proceedings. It alleged that the defendant did on the 16th day of October, 1943, enter a plea of guilty to the distilling, manufacturing, and making of alcoholic liquor and whisky. The return of the indictment was duly alleged. When a certified copy

of the former proceedings was tendered in evidence by the State in support of this allegation of the indictment, the defendant interposed an objection that the same was irrelevant and immaterial. This was the extent of the objection urged at the time of the introduction of the certified proceedings. The court admitted the evidence. In the special ground of the motion for new trial the defendant contends that the admission of the evidence was injurious, harmful, and hurtful for the reasons: (a) that it placed his character in issue illegally; (b and c) because it was immaterial and irrelevant in that there was no evidence to show that the Will Vann in the certified record was the same person as the defendant Will Vann on trial. The contention that there was no evidence showing that the defendant on trial and the Will Vann in the certified proceedings were one and the same person, is without merit. *Mills* v. *State,* 71 *Ga. App.* 353 (4) (30 S. E. 2d, 824); and furthermore, it has been repeatedly held by this court that a former conviction is admissible to show motive, intent, and the like in similar crimes. See *Foster* v. *State,* 70 *Ga. App.* 305 (2) (28 S. E. 2d, 81). In the instant case the defendant's defense was that he was at the still only for the purpose of procuring a gallon of whisky. Moreover, since the former plea of guilty and sentence thereon were for a like offense, it was proper to allege the former conviction and sentence and prove the same, under the Code, § 27-2511. If the principles of this section had been applied to the defendant in the instant case, as the law contemplates, he would have received the maximum penalty of punishment, whereas he only received a misdemeanor punishment. At any rate, the assignments of error on the special ground are without merit. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*