## 31543. MOODY v. THE STATE.

INGRAM, Justice.

Appellant was indicted by a grand jury in Fulton County for the armed robberies of the eleven employees of an insurance company on July 7, 1975, at a branch office of the company. In February, 1976, there was a jury trial on all 11 counts and appellant was found guilty on four counts. He received a sentence of 20 years for each conviction to run concurrently. The present appeal followed after the trial court's denial of appellant's amended motion for a new trial.

We reverse and order a new trial because the state was permitted over defense objection to introduce evidence of an independent crime without showing that appellant was a perpetrator of the independent crime and that there was a sufficient similarity or connection between the crimes to make the evidence admissible. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). Cf. *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) (1974).

The only similarity we find between the crimes for which the appellant was being tried and the independent crime is that both occurrences involved armed robbery with guns. The insurance company office robberies took place at midday on July 7th by three young black males who departed the scene in a white Continental automobile. The victims were physically assaulted, moved around inside the premises and tied up in several rooms. The victims were robbed of their personal possessions. The independent crime involved an armed

robbery of a motel several miles away at night on July 30th by two black males apparently using a blue Plymouth automobile to leave the premises. There was no physical assault on the victims and they were neither moved around nor tied up by the robbers. No personal items belonging to the victims of this robbery were taken. The cash box of the motel was the only thing stolen. There are other dissimilarities which need not be detailed. However, of significance is the lack of positive proof that appellant was a perpetrator of the motel robbery. It is true that the state's evidence placed him on the scene (he was staying at the motel as a customer), but the evidence fails to connect him sufficiently to the commission of the robbery by the two black males.

Under these circumstances, the admission into evidence, over defense objection, of the facts relating to the armed robbery of the motel was prejudicial to appellant. We cannot say the error was harmless, but we do agree the evidence of appellant's complicity in the armed robbery of the employees of the insurance company was sufficient to support the convictions.

In conclusion, we find our judgment in this case is controlled by the decision of this court in *French v. State,* 237 Ga. 62 (1976). As appellant is entitled to a new trial on this issue, we do not reach the remaining enumerations of error.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 22, 1976 — DECIDED OCTOBER 19, 1976.

*Keenan & Calcagno, Don C. Keenan,* for appellant.
*Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.