### 32537. THOMAS v. THE STATE.

MARSHALL, Justice.

Larry Thomas was tried and found guilty of murder by the Superior Court of Ware County. For that offense he was sentenced to life in prison.

Evidence concerning the particular events of April 27, 1975, is in conflict, but the major facts are not in dispute. The appellant testified that on the night in question, he fired three shots. Only the third, by his testimony, was directed at the decedent, and the appellant was aware that the decedent had been struck by that third bullet. After the shooting, the appellant fled to Lake City, Florida. From Florida he moved to Houston, Texas, where he was apprehended. He was returned to Waycross and placed in the Ware County jail, from which he escaped once prior to trial.

1. The appellant enumerates as error his indictment by an unconstitutionally composed grand jury. This challenge to the array of the grand jury was not made before indictment or before trial, and is raised for the first time on this appeal.

Generally, a challenge to the grand jury composition must arise prior to indictment. An exception exists when the defendant is without knowledge of the illegal composition at the time of his indictment. *Barrow v. State,* 239 Ga. 162 (1) (236 SE2d 257) (1977); *Sanders v. State,* 235 Ga. 425 (219 SE2d 768) (1975); *Estes v. State,* 232 Ga. 703 (208 SE2d 806) (1974).

That exception does not permit the indefinite postponement of a grand-jury challenge, however. In the case at bar, the appellant was not provided with counsel until after indictment. Although that may excuse the failure to challenge the grand jury array prior to

indictment, it does not excuse the failure to challenge the array until appeal. Georgia law requires that objection to the composition of the grand jury be made at the earliest practical opportunity. *Cobb v. State,* 218 Ga. 10 (126 SE2d 231) (1962); *McFarlin v. State,* 121 Ga. 329 (49 SE 267) (1904). Appeal is not the earliest opportunity.

2. The appellant enumerates as error the denial of his motion for a directed verdict. The review of such a denial is limited to the legal sufficiency of the evidence, and a new trial will not be granted if the evidence is sufficient under any reasonable view to support the verdict. *Mays v. State,* 237 Ga. 907 (230 SE2d 282) (1976); *Powell v. State,* 235 Ga. 208 (219 SE2d 109) (1975).

The appellant complains that the evidence is insufficient to support the verdict, because the state failed to refute the appellant's contention that he acted in self-defense. The conclusion that a party acted in self-defense is one the jury is permitted, but not required, to draw from the evidence, however. The uncontroverted fact that the appellant shot the decedent is sufficient to warrant the verdict, absent evidence that demands a finding of circumstances of alleviation, or excuse or justification. *Flury v. State,* 237 Ga. 273 (227 SE2d 325) (1976); *Procter v. State,* 235 Ga. 720 (221 SE2d 556) (1975). The evidence as to the defense of self-defense was conflicting and equivocal, hence failed to demand a verdict of acquittal.

3. The appellant enumerates as error the district attorney's impeachment of his own witnesses. On two occasions during the course of trial, the district attorney claimed surprise during his direct examination of witnesses. The first of these concerned a statement in court that the appellant had been seen with a gun in his hand; the second concerned a statement in court that the decedent had been bearing a knife when he was shot. After both statements, the jury was excused and the district attorney was permitted to cross examine the witnesses. A police officer was also permitted to testify that the witness' statement that decedent was carrying a knife contradicted an earlier statement the witness had made.

Georgia law recognizes the right to impeach one's

own witness when "he can show the court that he had been entrapped by said witness by a previous contradictory statement." Code § 38-1801. Recent decisions have broadly construed the right to impeach one's own witness under this section. *Ellenburg v. State,* 239 Ga. 309 (1) (236 SE2d 650) (1977); *Wilson v. State,* 235 Ga. 470 (219 SE2d 756) (1975). A statement by the district attorney that he has been surprised by the testimony is sufficient, in the absence of a showing to the contrary, to show entrapment. *Seay v. State,* 108 Ga. App. 724 (134 SE2d 422) (1963). The trial court was justified in permitting the cross examination and impeachment.

4. The appellant enumerates as error the testimony of a police officer made as an expert witness. Qualification as an expert witness is a matter within the discretion of the trial court. *McCoy v. State,* 237 Ga. 118 (227 SE2d 18) (1976); *Barrow v. State,* 235 Ga. 635 (221 SE2d 416) (1975). The appellant has failed to demonstrate an abuse of discretion in this instance.

5. The appellant enumerates as error the improper admission of evidence of his character. We find no merit in this contention.

The defendant's version of the shooting incident was that the victim (his neighbor) had approached him in a drunken state with an open knife, threatening the defendant's life; and that the defendant had fired two warning shots, which were ineffective in stopping the victim, then killed the victim in self-defense by firing the third bullet into his chest. The prosecution introduced, over objection, evidence that, two days prior to the shooting in question, the defendant had fired shots at or near a group of children ranging in age from 1 1/2 to 6 years on his property.

The evidentiary rule incorporated in Code § 38-202 is to the effect that, on a prosecution for a particular crime, proof of a distinct, independent, and separate offense, even though it be a crime of the same sort, is never admissible *unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other.* The salutary purpose of the rule was recognized in the leading case of *Bacon v. State,* 209 Ga. 261, 262 (71 SE2d 615) as "to protect the individual who is

charged with crime, and to insure him of a fair and impartial trial before an unbiased jury."

"This is the general rule, but there are some [now many] exceptions to it; as when the extraneous crime forms part of the res gestae; or is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; or may bear upon the question of the identity of the accused, or articles connected with the offense; or is evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged; or where it tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged. [Cits.]" *Cox v. State,* 165 Ga. 145 (139 SE 861) (1927). (See the excellent dissertation by Judge Powell in *Lee v. State,* 8 Ga. App. 413, 415 (69 SE 310) (1910), as to the purposes of the general rule and the many exceptions thereto, and the standards for applying both.)

One particularly appropriate paragraph of the opinion in *Lee v. State,* 8 Ga. App. 413, supra, is found on pp. 417-418: "Intent, good faith, motive, and other such matters relating to the state of a person's mind are usually not easily susceptible of direct proof. But frequently the state of mind accompanying the doing of an act is illustrated by other acts of a similar nature done by the defendant in such a way as to indicate a general practice or course of conduct, or as to display motive, knowledge, intent, good faith, bad faith, and a variety of other such things. The relevancy being patent, and other methods of proof being difficult or inadequate, the weight of expediency is in favor of admitting the proof of these other acts, though they themselves constitute crimes. It is not the fact of their being crimes or of their showing the defendant's bad character that furnishes the probative value essential to their admission in evidence. It is their distinct relevancy to the particular case on trial and the special need for the testimony which justify the admission of the evidence. . . The defendant's beliefs, his motives, his state of mind were matters primarily resting in his own breast. There was no direct way for the State to prove this feature of the case. The defendant's plea of not guilty denied that his state of mind was that charged in the indictment. To leave the decision of this all-controlling

question resting on the proof of the individual transaction alone would have been to leave it doubtful."

In *Larkins v. State,* 230 Ga. 418, 421 (2) (197 SE2d 367) (1973), this court pointed out that "[e]vidence of other crimes to prove malice, intent and motive is admissible only where the act of which the accused stands charged would be legal in the absence of those elements." In the case sub judice, the act of shooting the victim would have been legal under the defendant's theory of self-defense, in which the element of malice would be absent.

*Barnes v. State,* 57 Ga. App. 183 (1) (194 SE 839) (1938), held that evidence of other transactions, even of a criminal nature, is admissible to rebut a defense based upon evidence, which was open to the defendant. "Where the acts of the defendant are capable of more than one construction, his former acts, as disclosed by the other accusations introduced in evidence, were relevant for the jury to consider in determining whether his act on the day in question was, or was not, an innocent one. The other transactions tended to illustrate, characterize, and explain the defendant's act, which was capable of more than one construction." *Foster v. State,* 70 Ga. App. 305, 307 (2) (28 SE2d 81) (1943).

Thus, in the case at bar, the evidence of the previous incident was not admitted for the sole purpose of showing that the defendant has been guilty of other crimes, and would, therefore, be more likely to commit the offense charged, as is prohibited by *Goodman v. State,* 184 Ga. 315 (1) (191 SE 117) (1937) and cits. It also tended to rebut the defendant's contended innocent intention by showing that he had a tendency to use excessive means of protecting his property, to the extent of careless disregard for human life. The argument that the former incident was not relevant because no one was shot at that time is not persuasive. That fact, plus the fact of his firing two bullets before hitting the victim, could as easily indicate his poor marksmanship! The evidence of the extraneous crime of shooting at the children illustrated a spirit of malice, which, combined with the evidence of the defendant's flight after the shooting for which he was tried, authorized the jury to reject the defendant's

contention that the shooting was done in self-defense.

The case of *Davis v. State*, 233 Ga. 638 (212 SE2d 814) (1975), while distinguishable in some respects from the case at bar, is nevertheless sufficiently factually similar to the present case to justify the application of the legal principles therein set forth.

6. The remaining enumerations are without merit.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents.*

SUBMITTED JULY 15, 1977 — DECIDED SEPTEMBER 27, 1977.

*E. Kontz Bennett, Jr., J. Greg Wolinski,* for appellant.

*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Assistant Attorney General,* for appellee.