## 55056. HOPKINS v. THE STATE.

BELL, Chief Judge.
Defendant was convicted of two counts of selling heroin. *Held:*
1. Count 1 alleged that the crime occurred on May 17, 1976. A witness for the state testified that he met the defendant on May 17, 1976, and negotiated a purchase of

heroin which defendant later delivered. This witness also testified: "The defendant. . . asked if I had the $80 that I owed him — due for the eight bags of heroin that he had given to the confidential informant on Saturday." A motion for mistrial was made on the ground that the quoted evidence erroneously placed defendant's character in issue. The motion was correctly denied. On trial of a particular criminal offense evidence which shows that defendant has committed another independent crime may not be admitted unless the two crimes are logically connected in point of time and so similar that proof of one tends to prove the other, i.e., where the extraneous crime tends to prove motive or intent or a course of conduct. *Lindsey v. State,* 234 Ga. 874 (218 SE2d 585); *Sloan v. State,* 115 Ga. App. 852 (156 SE2d 177). This evidence that defendant had on "Saturday" transferred a quantity of heroin shows a logical connection in point of time to the crime charged and bears on defendant's intent or motive to violate the Controlled Substances Act by selling heroin.

2. Defendant enumerates as error the trial court's ruling denying his motion to require the state to furnish him the address of a witness named in the list of witnesses furnished by the state. The record fails to show an adverse ruling of this description. Thus nothing is presented for review. But even if defendant had invoked a decision of the trial court to this effect, it was not error for the state is not required to furnish defendant the *address* of any witnesses. *Holsey v. State,* 235 Ga. 270 (219 SE2d 374).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED JANUARY 17, 1978 — DECIDED FEBRUARY 1, 1978.

*Jack H. Affleck, Jr., Robert D. Peckham,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.