## 56998. HART v. THE STATE.
## 56999. MOODY v. THE STATE.

BIRDSONG, Judge.

The appellants, Moody and Hart, were convicted of a violation of the Controlled Substances Act by selling heroin to an undercover agent. Moody was sentenced to serve 15 years and Hart to serve 10 years. Each appellant appeals the conviction and sentence enumerating identical alleged errors, i.e., that the evidence is insufficient and that the trial court improperly allowed evidence of unrelated crimes thereby placing the character of the two appellants impermissibly into evidence. *Held:*

1. In relation to the first enumeration of error, the facts clearly reflect that the police officer entered the home of Moody; that the officer asked Moody to sell some heroin; Moody nodded assent and Hart obtained the heroin from a bedroom and delivered the packet to the officer, receiving payment therefor. Opposed to this testimony was a denial that a sale took place between appellants and the police officer. Impeaching testimony was offered as to both the officers and the appellants. Thus, the court and jury were faced with the typical swearing match. Appellants concede that questions of credibility rest with the jury but still contend that the demands of justice and equity call for their acquittal.

On appeal, the evidence must be construed to uphold the verdict, the conflicts must be resolved against the appellant, and if there is any evidence to support the verdict, it must be affirmed. *Johnson v. State,* 231 Ga. 138 (1) (200 SE2d 734); *Talley v. State,* 137 Ga. App. 548, 549 (224 SE2d 455). The evidence of the primary issue was in conflict, the jury resolved that issue against the appellants, and the evidence adequately supports the verdict of the jury. *Griffin v. State,* 237 Ga. 532 (228 SE2d 908). There is no merit in this enumeration.

2. In their second enumeration of error, appellants argue that evidence of a previous sale of heroin to another officer either at the same address or under similar circumstances some four or five years earlier was

prejudicial. Where the court and jury are faced with the typical "swearing match," evidence of a similar incident not only would be admissible for impeachment, but it could be considered to show common scheme and bent of mind. Evidence may be admitted to prove other like crimes by the appellants so nearly identical in method as to earmark them as the handiwork of the appellants. McCormick on Evidence 447, § 190 (2d Ed. 1972); *Thomas v. State,* 239 Ga. 734, 736 (4) (238 SE2d 888); *Campbell v. State,* 234 Ga. 130, 132 (214 SE2d 656); *Smith v. State,* 142 Ga. App. 1, 3 (234 SE2d 816). We find no error in the admission of this evidence under the circumstances of this case.

*Judgment affirmed. Quillian, P. J., concurs. Smith, J., concurs in the judgment only.*

ARGUED JANUARY 15, 1979 — DECIDED MAY 3, 1979.

*Stephen M. Friedberg,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wallace Speed, Victor Alexander, Jr., Assistant District Attorneys,* for appellee.