## 57877. MAYFIELD v. THE STATE.

BIRDSONG, Judge.

Defendant was convicted of two counts of violating the Georgia Controlled Substances Act. Count 1 charged the unlawful sale of marijuana on August 5, 1977. Count 2 charged defendant with the sale of phenobarbital on August 11, 1977. *Held:*

1. The state, by its evidence, established the sale by the defendant of the controlled substances described in each count of the indictment. The sales were made to a GBI agent acting undercover. After testifying that he purchased phenobarbital from defendant on August 11, 1977, the state's witness, the GBI agent, was permitted to testify over objection that he saw defendant several days later at which time defendant asked if the witness desired to buy additional phenobarbital, and the agent declined. On a subsequent occasion on the day of and immediately preceding defendant's arrest, the defendant approached this witness and asked if "I would like to buy some grass" and on seeing a police car pull up, the defendant fled. This testimony concerning these subsequent transactions were admitted over objection. This evidence of the other transaction was admissible to show intent, plan, scheme, and bent of mind of defendant. *Davis v. State,* 233 Ga. 638 (2) (212 SE2d 814); *Coley v. State,* 135 Ga. App. 810 (2) (219 SE2d 35).

2. The indictment alleged that defendant was known by an alias. This was not erroneous under the law of this state. *Radford v. State,* 140 Ga. App. 195 (230 SE2d 345).

3. At the conclusion of the charge to the jury, the court queried the defendant's counsel as to whether defendant had any exceptions to the charge. Counsel responded: "None, your Honor." Now, on appeal, two enumerations of error have been asserted which pertain to the court's charge and a failure to charge on entrapment. Under the recent decision of the Supreme Court in *White v. State,* 243 Ga. 250 (1979), this failure to except to the charge constitutes a waiver of defendant's right to enumerate error as to the charge or as to a failure to charge.

*Judgment affirmed. Quillian, P. J., concurs. Smith, J., concurs in the judgment only.*

SUBMITTED MAY 10, 1979 — DECIDED JUNE 26, 1979 — REHEARING DENIED JULY 18, 1979 —

*William P. Bartles,* for appellant.
*E. Byron Smith, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.