## 58474. ANGLIN v. THE STATE.

DEEN, Chief Judge.

This appeal is brought from a conviction for violation of the Georgia Controlled Substances Act (possession of more than one ounce of marijuana).

Appellant contends that the trial court erred in failing to grant his motion for a mistrial after the sheriff testified: "Well, we had an undercover marijuana buy from the defendant at that residence. I had known him to live there before. As a matter of fact I had prior information on him selling marijuana prior to that." The motion was denied and the court allowed the district attorney to present a witness who could substantiate a sale of marijuana on the same day that the search was conducted pursuant to a warrant. Appellant argues that there was no evidence that he had prior convictions or even any arrests for any offense and that the testimony of the sheriff and the other witness placed his character in issue in that it showed evidence of a crime which was wholly independent from that for which he was on trial.

" '[O]n a prosecution for a particular crime, evidence which in any manner shows or tends to show that the

accused has committed another crime wholly independent from that for which he is on trial, *even though it be a crime of the same sort,* is irrelevant and inadmissible.' [Cit.]" *Bacon v. State,* 209 Ga. 261, 262 (71 SE2d 615) (1952). "Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." *French v. State,* 237 Ga. 620, 621 (229 SE2d 410) (1976). Evidence which tends to show that an accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible. *Rosborough v. State,* 209 Ga. 362 (72 SE2d 717) (1952). Evidence of an independent crime is inadmissible unless its relevance to the issue at trial outweighs its prejudicial impact. *Payne v. State,* 233 Ga. 294 (210 SE2d 775) (1974). In this case, testimony that appellant possessed and sold marijuana earlier in the day cannot possibly tend to prove later possession. Assuming he made an illegal sale to the witness in the morning, it could not possibly tend to prove possession in the afternoon. The accused could have sold all the drugs in his possession at the morning sale, made other sales disposing of his entire stock during the day and perhaps did not obtain the drug found in his possession until shortly before the search warrant was executed. Thus, the relevance of the sale to the issue at trial cannot possibly outweigh its prejudicial impact. Such evidence certainly puts his character in issue and is irrelevant unless he has chosen to put his character in issue. *Wood v. State,* 224 Ga. 121 (160 SE2d 368) (1968). As appellant made no such choice, this case must be reversed and remanded for a new trial.

*Judgment reversed. Shulman and Carley, JJ., concur.*

Submitted September 5, 1979 — Decided October 1, 1979—

*Jane Kent Plaginos,* for appellant.
*Frank C. Mills, III, District Attorney, William R. Pardue, Assistant District Attorney,* for appellee.