## 59259. JOHNSON v. THE STATE.

ARGUED JANUARY 14, 1980 —
DECIDED JUNE 6, 1980—

794

*Kenneth R. Chance,* for appellant.
*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.

DEEN, Chief Judge.
1. For the better part of a century the appellate courts of this state have emphasized that evidence showing an accused has

committed an offense *wholly independent from the crime for which he is on trial* is irrelevant, immaterial and prejudicial in that it places the defendant's character in issue in an impermissible fashion. The rule is of course the subject of exceptions, one — indeed the one most frequently quoted — being where the evidence is admissible for the purpose of showing "motive, plan or scheme." *Coart v. State,* 156 Ga. 536 (119 SE 723) (1923). What the appellate courts may not have done, however, is sufficiently to discuss what is meant by an independent crime, and what is meant by motive, intent or bent of mind. Here the court in passing on testimony regarding subsequent sales, ruled it admissible for the purpose of showing intent because "you might come in and say you had no intent to sell this." The intent the judge was speaking about is the intent to do an act which the state has legislated to be a crime, and his example is correct, but it has no application to this case. See *Foster v. State,* 70 Ga. App. 305 (2) (28 SE2d 81) (1943). The defendant was not contending that he did the act for some other reason than that put forward by the state (a straight sale of a controlled substance). In other words, the only probative value to be attached to the later drug sales was that it tended to prove criminal bent of mind. This has been recognized throughout the history of evidentiary law in this state as irrelevant and prejudicial. It was well summed up by Judge Powell in *Lee v. State,* 8 Ga. App. 413, 416 (69 SE 310) (1910): "Now, to prove in a criminal case that the defendant is a person of criminal bent of mind is not without probative value on the issue as to whether he committed the particular crime involved; for criminals are more likely to commit new crimes than are persons free from the taint of previous criminality. To prove that the defendant had committed other offenses would naturally cause the jury more readily to believe that the defendant committed the particular offense in question; and this from a logical standpoint would not be a misuse of the testimony. The real misuse is likely to come about by reason of the jury's becoming so prejudiced against the defendant personally on account of these other crimes that they could not fairly weigh the testimony against him on the particular case — that is, by reason of the danger of the jury's convicting the defendant 'on general principles,' as the common saying is, instead of determining his guilt of the specific offense for which he stands charged." To the same effect see *Booth v. State,* 160 Ga. 271, 280 (127 SE 733) (1925): "As pointed out by Mr. Wigmore [Wigmore's Criminal Evidence], such evidence as that does, as a matter of fact, have some relevancy to the crime with which the man is charged, but that very relevancy makes it dangerous and makes it objectionable. It is objectionable . . . on the ground that it injects extraneous issues into the trial of the case and permits the

prosecutor to bring in charges of which the defendant has had no notice, for the defense against which he is not prepared."

*Booth* cites three cases, all of them landmark opinions, as exemplifying the conditions under which evidence of other crimes is admissible to show plan, motive or intent. *Frank v. State,* 141 Ga. 243 (80 SE 1016) (1913) allowed testimony that the defendant Leo Frank, accused of murdering a young employee, Mary Fagan, had said, "I am not as other men" along with other evidence by a person (since identified by many criminologists as having been the true murderer) tending to show that Frank was a sexual pervert. Sex cases, such as rape, child molestation and the like, are still recognized as being an exception to the exception we are here dealing with for the reason that a tendency toward sexual deviancy if relevant to the crime for which the defendant is on trial is admissible because it is out of the ordinary in that it supplies a motive and makes credible what would otherwise be difficult of belief. Cf. *McNeal v. State,* 228 Ga. 633 (5) (187 SE2d 271) (1972).

The second case cited in *Booth* is *Williams v. State,* 152 Ga. 498 (110 SE 286) (1921), the infamous murder farm case where Williams took prisoners from the Atlanta stockade to work his farm and, when accused of peonage, set out to kill all the remaining prisoners who might have testified against him. The proof of motive was essential to identify the defendant as the perpetrator of a series of otherwise senseless crimes and to connect him with the criminal conduct.

In the third case, *Coart v. State,* 156 Ga. 536, supra, evidence of prior acts of intimacy with the victim's wife were held admissible as showing his motive for killing her husband "in order to possess her" as Judge Russell quaintly put it. And in *Lee v. State,* 8 Ga. App. 413, supra, motive was involved where the defendant, a physician, regularly prescribed cocaine to habitual users, as against his defense that his prescriptions were for recognized therapeutic purposes only.

From these and like cases there grew up an indiscriminate use of allowing evidence of perpetration by the defendant of like crimes regardless of whether such proof tended to prove guilt of the crime under consideration in any way other than the generic "criminal bent of mind" which *Lee* and other cases had disapproved. The opinions of the Court of Appeals immediately prior to 1950 are filled with moonshine liquor cases, in many of which evidence that defendants charged with moonshining had been previously convicted of the same offense was glossed over as part of a course of conduct, motive, or bent of mind. Cf. *Vann v. State,* 72 Ga. App. 301 (33 SE2d 742) (1945), where the defendant was on trial for making liquor and the court allowed a conviction for a like offense committed on a prior occasion, the opinion stating that "it has been repeatedly held by this court

that a former conviction is admissible to show motive, intent, and the like in similar crimes." The practice began to spread to other areas, and in 1952 one Leroy Bacon was convicted of burglary partly on evidence that he had three prior convictions for burglary and three accusations of attempted burglary with guilty pleas thereon. At that point the Supreme Court on certiorari observed that such evidence was inadmissible *even though it be a crime of the same sort,* that the "intent" referred to as an exception to the other crimes rule does *not* mean a general criminal intent (which must be an essential element of *every* crime), and that, quoting *Green v. State,* 172 Ga. 635, 640 (158 SE 285) (1931) the rule that the state cannot put in evidence the character of the accused "has been gradually chisled away . . . and while the principle still lives in theory as a memory of the past, it is of little practical effect in the actual trial of cases." *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). For a number of years the *Bacon* case did much to clarify the rule and to establish that evidence of the commission of other crimes is not admissible to establish motive, plan or intent in the generic sense of a diffuse criminal purpose but is only admissible where the intent is specific to the offense charged and helps to identify the defendant as the perpetrator. Proof of such a motive points the finger at a particular individual as opposed to the class of individuals who might be expected to commit crimes of like nature.

Gradually, however, we are again finding an increasing number of appealed cases where the only purpose of evidence of other crimes must be said to be that of showing the defendant belongs to a class of persons with a criminal record and therefore more likely to commit crime than the average citizen, and this is exactly the reason for its inadmissibility. Such evidence is good for nothing but to spread the defendant's bad character before the jury. Code § 38-202. We conclude that the fact that *Bacon* is still viable can only have been ignored, in spite of cases like *Moody v. State,* 237 Ga. 775 (229 SE2d 619) (1976), reversing an armed robbery conviction because evidence of another "armed robbery with guns" not otherwise connécted with that crime was introduced in evidence, and *Anglin v. State,* 151 Ga. App. 570 (260 SE2d 563) (1979), where a conviction for possession of marijuana was reversed because of the introduction of evidence of subsequent narcotics sales by the defendant, not otherwise connected with the transaction at hand. A mere sale of contraband at another time is *not* admissible whether prior or subsequent to the one being tried. It becomes admissible when connected up, as in *East v. State,* 135 Ga. App. 291 (217 SE2d 490) (1910), where the prior sale of a "sample" of herion was connected with the subsequent sale of a sizeable quantity, and thus showed the motive for the "sample" sale.

There is no such evidence in the case at bar.

The district attorney in an admirably compiled brief cites us to numerous cases containing language to the effect that evidence proving motive or intent is admissible as an exception to the other crimes rule. We recognize that such language is occasionally used by the court in an overbroad sense; nevertheless, each of the cases cited reveals a genuine purpose to be served by the testimony which outweighs its prejudicial effect. Some examples are: *Clyatt v. State,* 126 Ga. App. 779 (3) (192 SE2d 417) (1972) (invited error — defense counsel asked the defendant's landlady on cross examination, "You never saw him do anything illegal, did you?"); *Hopkins v. State,* 144 Ga. App. 663 (242 SE2d 325) (1978), *Mayfield v. State,* 150 Ga. App. 807 (258 SE2d 613) (1979) (criminal admissions — attempting to collect on a previous sale or to make a new one); *Calloway v. State,* 141 Ga. App. 125 (232 SE2d 603) (1977) (rebuttal evidence against defendant's statement on stand he had never seen the detective before); *Goldsmith v. State,* 148 Ga. App. 786 (252 SE2d 657) (1979) (modus operandi — the defendant forged doctors' names on prescription pads for obtention of heroin); *Marshall v. State,* 143 Ga. App. 249 (237 SE2d 709) (1977) (a genuine use of the *motive* exception made pertinent by the defendant's contention he had been entrapped); *Hart v. State,* 149 Ga. App. 785 (256 SE2d 127) (1979) (the defendant and the state's prime witness engaged in what the opinion describes as a typical swearing match, and the evidence was offered in rebuttal for purposes of impeachment). The facts of this case clearly track *Anglin v. State,* 151 Ga. App. 570, supra, cert. denied December 6, 1979. Both involve drug sales in which a subsequent illegal sale of drugs is introduced in evidence, but, nothing in the subsequent sale tends to prove the prior one. The admission of testimony of other subsequent sales of narcotics was reversible error.

2. The evidence of subsequent narcotics sales is inadmissible for yet another reason. The witness testified to three criminal acts, only one of which was included in the indictment. The January 20 episode may well form the basis for indictment, trial and conviction at any time during the period of the statute of limitations; to allow them in evidence on the trial of the December 20 episode for whatever probative value they may have in influencing a jury to convict is to use the same evidence to secure multiple convictions for unrelated offenses.

3. The remaining enumerations of error are either abandoned or are without merit.

*Judgment reversed. Quillian, P. J., Smith, Shulman, Banke and Sognier, JJ., concur. Carley, J., concurs in the judgment only.*

*McMurray, P. J., and Birdsong, J., dissent.*

BIRDSONG, Judge, dissenting.

I dissent. I believe under the facts of this case other offenses may be proved to establish plan, motive, intent or bent of mind. *Thomas v. State,* 239 Ga. 734, 736 (238 SE2d 888).

I would affirm. I am authorized to state that Presiding Judge McMurray joins in this dissent.