## 36578. THE STATE v. JOHNSON.

BOWLES, Justice.

We granted certiorari to consider the opinion of the Court of Appeals in *Johnson v. State,* 154 Ga. App. 793 (270 SE2d 214) (1980) reversing a conviction for sale of marijuana because evidence of two subsequent sales of drugs from the same defendant to the same police officer was admitted into evidence.

1. We begin with the general rule that in the trial of a crime, evidence of other criminal acts by the defendant is inadmissible as it tends to place the defendant's character into evidence. See Code Ann. § 38-202. See also, *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). However, exceptions to the rule have developed over the years so that

now there are times that evidence of other crimes committed by the defendant can be admitted for limited purposes.

"[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. *French v. State,* 237 Ga. 620, 621 (229 SE2d 410) (1976). Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977).[1]

We do not concede, as suggested by some, that the exceptions have swallowed the rule of inadmissibility of separate crimes. The *only* separate crimes which are admissible are those that are either similar *or* logically connected to the crime for which defendant is being tried. Crimes which are not similar or which are not logically connected to the crime for which defendant is being tried should be excluded from evidence. Proof of crimes which *are* similar or *are* closely connected to the crime charged *does* tend to establish the crime charged.

Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct. Contrary to the finding by the Court of Appeals in the case at bar that the only probative value to be attached to the evidence of other crimes was that it tended to improperly show criminal bent of mind (see *Lee v. State,* 8 Ga. App. 413 (69 SE 310) (1910)), we find that the evidence of other crimes was probative as to identity, the main issue in the case.

We have here involved a case of the "typical swearing match" as described in *Hart v. State,* 149 Ga. App. 785 (256 SE2d 127) (1979). The police officer testifies the defendant sold him drugs; the defendant says "It wasn't me." The jury looking at the police officer, would see an undercover agent "in the business" of buying drugs from many people. They might consider that the officer making one drug

---

[1]Similar crimes may also show common design, modus operandi, etc. See *Lyles v. State,* 215 Ga. 229 (109 SE2d 785) (1959).

buy from one individual could be mistaken about who that individual was. However, when the officer testifies that he has made *three* drug buys from the same person within a relatively narrow time frame, the jury could consider that the likelihood that the officer is mistaken about that person's identity is greatly diminished.

Furthermore, in the case at bar, one strategy of the defense was to convey to the jury the impression that the undercover police officer had a tendency to "manufacture" his drug cases. The jury could consider that one case might be manufactured but the likelihood that three cases could be successfully manufactured is remote.

There has been some conflict among the different divisions of the Court of Appeals about the application of the rule of admissibility of evidence of other crimes. See *Laws v. State,* 153 Ga. App. 166 (264 SE2d 700) (1980); *Anglin v. State,* 151 Ga. App. 570 (260 SE2d 563) (1979); *Mayfield v. State,* 150 Ga. App. 807 (258 SE2d 613) (1979); *Hart v. State,* supra. These cases necessarily turn on their facts and are in the last analysis, judgment calls. It is important to remember, however, that evidence of other crimes is not limited to proving "plan, motive or scheme" as emphasized by the Court of Appeals in the case at bar but also "identity."

2. The Court of Appeals also held the evidence of other drug sales inadmissible because those criminal acts were not included in the indictment and "to allow them in evidence on the trial of the December 20 episode for whatever probative value they may have in influencing a jury to convict is to use the same evidence to secure multiple convictions for unrelated offenses." 154 Ga. App. 793, supra, at 798. First, the evidence is not admitted for whatever probative value it may have in convincing a jury to convict. It is admitted for the *limited* purpose of showing identity, plan, motive, scheme, bent of mind or course of conduct and the defendant is entitled to a charge to that effect upon request. Furthermore, the other crimes need not be listed in the indictment. Defendant is not on trial for those crimes.[2] This is a matter of evidence, or proof, not pleading.

*Judgment reversed. All the Justices concur, except Jordan, P. J., and Hill, J., who dissent.*

ARGUED SEPTEMBER 10, 1980 — DECIDED OCTOBER 29, 1980 —
REHEARING DENIED NOVEMBER 13, 1980.

---

[2]In the case at bar, the defendant could not have been on trial at the time for the other crimes as they were committed in a different county or venue.

*Richard E. Allen, District Attorney, Steven L. Beard, Assistant District Attorney,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Tony H. Hight, J. Robert Sparks,* amicus curiae.

*Kenneth R. Chance,* for appellee.

HILL, Justice, dissenting.

Identity and intent are matters which the state must prove in every criminal case (except those few crimes where criminal negligence is involved, and in those cases identity remains an issue). The majority hold that evidence of separate crimes committed by the defendant which are similar or logically connected to the crime being tried is admissible to prove identity and intent.[1] The converse rule found by the majority is that evidence of separate crimes committed by the defendant which are neither similar nor logically connected to the crime being tried are inadmissible (unless the defendant puts his character in issue).

The majority silently treat all drug sale crimes as similar (see the Court of Appeals opinion in this case). That is, the sale of one ounce of marijuana in a pool hall is similar or logically connected to the sale of a boatload of cocaine or morphine at dockside. Similarly, a burglary of an occupied house by a single, masked and armed burglar would be similar or logically connected to a railroad car burglary by a group of unarmed men wearing overalls as disguises. But see *Moody v. State,* 237 Ga. 775 (229 SE2d 619) (1976).

*Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952), is one of this state's leading cases on this subject. In *Bacon,* the defendant was being tried for a burglary which occurred on December 21, 1950. Evidence of conviction of three attempted burglaries (November 25, 1950; December 29, 1950; and March 15, 1951, as well as three 1946 guilty pleas to burglary) was held inadmissible by this court. Reversing the Court of Appeals' approval of the introduction of such evidence, this court held (at pp. 263-264): "[C]riminal intent is an essential element in every crime where criminal negligence is not involved [cite]; and to hold, as the majority opinion of the Court of Appeals in this case does, that evidence of other offenses is always admissible to show intent, whether or not there be any logical connection between them and the case on trial, would be to abolish the general rule, and to establish the exception as the general rule

---

[1] This rule is contrary to Code Ann. § 38-415, which provides that ". . . no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue."

without any exception thereto."

While the majority cite *Bacon v. State,* supra, I believe they have not applied it. In fact, I submit they have overruled *Bacon.* I therefore dissent.

I am authorized to state that Presiding Justice Jordan joins in this dissent.