## 67708. TURNER v. THE STATE.

QUILLIAN, Presiding Judge.

Indicted for armed robbery, defendant appeals his conviction for robbery by intimidation. *Held*:

1. In four enumerations defendant raises the general grounds and challenges the sufficiency of the evidence to support the verdict.

The evidence authorized the jury to find as follows: At about 10:30 on the evening of the alleged robbery the defendant was with several other young people in a house trailer in a trailer park located a short distance from a Captain D's restaurant. After telling one Morris that he was going to rob Captain D's, and telling the entire group that if anyone asked he was with them that evening, defendant left the trailer for a period of 30 to 60 minutes. Defendant was a former employee of a Captain D's restaurant but in a different location, and knew that the manager on duty at the nearby Captain D's took the day's proceeds to a bank night deposit box after the restaurant closed. The Captain D's closed at 10:00 p.m. and sometime thereafter the assistant manager started across the parking lot to go to the nearby bank with a deposit bag containing over $600. He was accosted in the restaurant parking lot by a man wearing a ski mask, a sweat shirt and jeans. The man had a round black object in his hand which the manager thought was a gun. When the man ordered him to "drop the bag" the manager did so, and the man picked up the bag and ran off into the dark. The manager identified a sweat shirt found in a drain pipe behind the trailer defendant had left and returned to as one that looked the same as the shirt the robber wore. When defendant returned to the trailer, he told Morris that he had committed the robbery, had hidden his clothes in a drain and again told the group that if anyone asked where he was, that he was there with them. He then asked two boys to go to his trailer which was in the same park and bring him a different pair of shoes, which they did, and defendant changed shoes. Thereafter defendant and most of the group in the trailer drove to two other locations where defendant retrieved the money bag from where he had hidden it, cut it open, counted the money and gave $200 of it to Morris. About six weeks later Morris informed police of his and defendant's participation in the robbery. When the police went to arrest defendant at his home, he fled from them and was captured. While in jail awaiting trial defendant admitted to another prisoner that he committed the robbery. Evidence was presented that two years before the offense being tried defendant had committed and plead guilty to a very similar robbery of a manager of another Captain D's restaurant who was taking the day's proceeds to a bank's night deposit.

Defendant testified admitting that the sweat shirt found in the

drain was similar to one that he owned, and admitted that he had taken a walk alone in the trailer park at about the time of the robbery. He denied committing the robbery and speculated that Morris had done it and was trying to frame him. Other defense witnesses contradicted portions of the testimony of some state's witnesses.

Defendant argues that the state's case is based primarily on circumstantial evidence and that there are two reasonable hypotheses inferable from the evidence; one that he did it, and the other that Morris was the robber. However, this case does not rest solely on circumstantial evidence, but on considerable direct evidence: Defendant told Morris he was going to commit the robbery, went away and came back, told Morris that he had committed it and where he had hidden his clothes, displayed the proceeds to Morris and gave him part of it, and admitted to a cell mate that he had committed the robbery. The issue is the credibility of the conflicting testimony of the various witnesses. "It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. [Cits.]" *Laws v. State*, 153 Ga. App. 166 (1) (264 SE2d 700).

The evidence was amply sufficient to authorize any rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In three enumerations it is asserted that the trial court erred in admitting evidence of defendant's participation in a prior robbery and in charging the jury on prior similar transactions, because the circumstances were not sufficiently similar.

In the prior robbery, defendant had worked at the Captain D's in question, had made the night bank deposits and was familiar with the establishment's procedures. The robbery occurred when the assistant manager, after closing, took the day's proceeds in a deposit bag in his car to a nearby bank for night deposit. Defendant was waiting hidden in some bushes near the deposit box. When the manager approached the deposit box, defendant, without showing himself, told him to "stop, hold it right there" and then "drop the bag." When the bag was dropped, defendant ordered the victim to drive away. Defendant then picked up the bag and left.

We find the evidence of the prior robbery sufficiently similar to authorize its admission " 'for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]' " *State v. Johnson*, 246 Ga. 654 (1), 655 (272 SE2d 321).

3. The remaining enumerations are either abandoned, moot or not meritorious.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED FEBRUARY 27, 1984 —
REHEARING DENIED MARCH 21, 1984.

*David T. Emerson*, for appellant.
*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, for appellee.