S13A1128. BOYD v. THE STATE.
(748 SE2d 418)

THOMPSON, Chief Justice.

A jury found appellant Christopher Boyd guilty of the felony murder of Puckett Baynes and possession of a firearm during the commission of a felony.[1] The trial court denied appellant's motions for

---

[1] The crimes were committed on August 10, 2009. Appellant was indicted by a Fulton County grand jury on November 12, 2009, on charges of malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. After a jury

directed verdict and for new trial, and he appeals, challenging the sufficiency of the evidence. Because we find the evidence was sufficient to support the verdict, we affirm.

Based on the evidence presented at trial, the jury was authorized to find that appellant lived across the street from the home where the victim was staying. They had had disputes prior to the shooting, and appellant told one witness that if the victim did not pay appellant the money he owed, appellant was going to kill him. On the day of the crimes, appellant and the victim were arguing outside their homes. A witness working nearby told them to "separate," which they did for a time, with appellant going inside his home then returning to the street. Shortly thereafter, another witness saw appellant and the victim, who did not appear to have anything in his hands, arguing. The witness then heard gunshots and saw appellant leaving the scene. As appellant passed the witness, he asked him to take care of his dogs. Other witnesses who also knew both men heard gunshots, turned to see the victim fall into appellant in what they described as an embrace, and saw the victim fall to the ground. Appellant was discovered by police at his residence the following day, where police recovered unspent shell casings of the same make and caliber as those used in the crimes. The victim died of multiple gunshot wounds.

Construed in the light most favorable to the verdicts, we find the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Accordingly, the evidence did not demand a verdict of acquittal. See *Thomas v. State*, 239 Ga. 734 (2) (238 SE2d 888) (1977) (review of denial of motion for directed verdict is limited to the legal sufficiency of the evidence). Although appellant presented some evidence in support of his claim of self-defense, the issues of self-defense and witness credibility are for the jury to decide from all the facts and circumstances. See *Shaw v. State*, 292 Ga. 871 (1) (742 SE2d 707) (2013). See *Thomas*, supra, 239 Ga. at 735 ("The conclusion that a party acted in self-defense is one the jury is permitted, but not required, to draw from the evidence.").

*Judgment affirmed. All the Justices concur.*

trial on July 13-16, 2010, the jury returned its verdict finding appellant guilty of felony murder based on the underlying felony of aggravated assault and possession of a firearm during the commission of a crime. The trial court sentenced appellant on July 20, 2010, to life in prison for felony murder and a consecutive but suspended five-year term of imprisonment for possession of a firearm during the commission of a felony. Appellant's motion for a new trial was filed on July 20, 2010, and denied on November 26, 2012. He filed his notice of appeal on December 14, 2012. The appeal was docketed to the April 2013 term of this Court and submitted for decision on the briefs.

DECIDED SEPTEMBER 9, 2013.

*Ronald G. Shedd*, for appellant.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Christopher M. Quinn, Joshua D. Morrison, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.